UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 13<br>Case No. 24-41956-MAR |
| BRANDON HEITMANN, | Hon. Mark A. Randon |
| Debtor.<br>_____/ | |
| MOHAMED SAAD, | |
| Plaintiff, | Adv. Proc. 24-04375-mar<br>Hon. Mark A. Randon |
| v. | |
| BRANDON HEITMANN, | |
| Defendant.<br>_____/ | |

## CORRECTED ANSWER

Brandon Heitmann, Defendant ("Defendant"), by and through his counsel, and in answer to Plaintiff's Complaint, states as follows:

### Jurisdiction

1. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

2. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

3. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

**Parties**

4. Neither admitted nor denied as Defendant lacks the requisite information and/or belief to admit or deny this allegation and Defendant leaves Plaintiff to his proofs.

5. Admitted.

6. Admitted.

**Factual Statement**

7. Admitted.

8. Admitted.

9. Denied as stated. Exigent was engaged in designing and installing outdoor landscapes, including pools.

10. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

11. Denied as stated. Plaintiff makes numerous allegations which contain overly broad statements regarding operations and unspecified non-exhaustive "catch-all" statements with respect to Heitmann's responsibilities.

12. Denied.

13. Admitted in part. The parties entered into a contract modification on or about August 5, 2022. To the extent not admitted, Defendant denies.

14. Admitted.

15. Admitted.

16. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

17. Denied as stated.

18. Denied as stated.

19. Admitted only that the referenced number is Exigent's identification number with LARA.

20. Denied for the reason that the allegations in this Paragraph are untrue.

21. Denied for the reason that the allegations in this Paragraph are untrue.

22. Denied for the reason that the allegations in this Paragraph are untrue.

23. Denied for the reason that the allegations in this Paragraph are untrue.

24. Denied for the reason that the allegations in this Paragraph are untrue.

25. Neither admitted nor denied as Defendant lacks the requisite information and/or belief to admit or deny this allegation and Defendant leaves Plaintiff to his proofs.

26. Denied for the reason that the allegations in this Paragraph are untrue.

27. Denied for the reason that the allegations in this Paragraph are untrue.

28. Denied for the reason that the allegations in this Paragraph are untrue.

29. Denied for the reason that the allegations in this Paragraph are untrue.

30. Denied for the reason that the allegations in this Paragraph are untrue.

31. Denied for the reason that the allegations in this Paragraph are untrue.

32. Denied as to Plaintiff's allegations regarding Defendant Heitmann's and Exigent's conduct for the reason that the allegations in this Paragraph are untrue. Answering further, neither admitted nor denied as to the allegation regarding Michigan statutory law on the basis that these allegations contain legal conclusions or statements to which no response is required.

33. Denied for the reason that the allegations in this Paragraph are untrue.

34. Denied for the reason that the allegations in this Paragraph are untrue.

35. Denied for the reason that the allegations in this Paragraph are untrue.

36. Denied for the reason that the allegations in this Paragraph are untrue. Answering further, neither admitted nor denied as to Plaintiff's reference to MCL § 600.2919a on the basis that this allegation contains legal conclusions or statements to which no response is required.

37. Denied for the reason that the allegations in this Paragraph are untrue. Answering further, neither admitted nor denied as to Plaintiff's reference to Michigan statutory and case law on the basis that this

allegation contains legal conclusions or statements to which no response is required.

## COUNT 1 - NON-DISCHARGEABILITY OF DEBT
## 11 U.S.C. § 523(a)(2)

38. Defendant incorporates his responses numbered 1 - 37, *supra,* as though fully set forth herein in full.

39. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required. Answering further, denied to the extent that Plaintiff implies that Defendant engaged in false pretenses, a false representation, actual fraud, or intentional use of a materially false statement, with the intent to deceive for the reason that the allegations in this Paragraph are untrue.

40. Denied for the reason that the allegations in this Paragraph are untrue.

41. Denied for the reason that the allegations in this Paragraph are untrue.

42. Denied for the reason that the allegations in this Paragraph are untrue.

43. Denied for the reason that the allegations in this Paragraph are untrue.

44. Denied for the reason that the allegations in this Paragraph are untrue.

45. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

46. Denied for the reason that the allegations in this Paragraph are untrue.

47. Denied for the reason that the allegations in this Paragraph are untrue.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint against him, award Defendant reasonable costs expenses and attorneys' fees incurred in this action, and award Defendant any such other and further relief that it deems appropriate.

### COUNT 2 - NON-DISCHARGEABILITY OF DEBT
### 11 U.S.C. § 523(a)(4)

48. Defendant incorporates his responses numbered 1 - 47, *supra*, as though fully set forth herein in full.

49. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required. Answering further, denied to the extent that Plaintiff implies that Defendant engaged in fraud or defalcation while acting in a fiduciary

capacity, embezzlement, or larceny for the reason that the allegations stated in this Paragraph are untrue.

50. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

51. Denied for the reason that the allegations in this Paragraph are untrue.

52. Denied for the reason that the allegations in this Paragraph are untrue.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint against him, award Defendant reasonable costs expenses and attorneys' fees incurred in this action, and award Defendant any such other and further relief that it deems appropriate.

### COUNT 3 - STATUTORY CONVERSION
### M.C.L. § 600.2919a

53. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

54. Denied for the reason that the allegations in this Paragraph are untrue.

55. Denied for the reason that the allegations in this Paragraph are untrue.

56. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

57. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

58. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint against him, award Defendant reasonable costs expenses and attorneys' fees incurred in this action, and award Defendant any such other and further relief that it deems appropriate.

Respectfully submitted,

Dated: October 10, 2024

/s/ Robert N. Bassel
Robert Bassel P48420
POBOX T
Clinton, MI 49236
248.677.1234
bbassel@gmail.com
Counsel for Defendant

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 13
 Case No. 24-41956-MAR
BRANDON HEITMANN, Hon. Mark A. Randon

    Debtor.
_____/

MOHAMED SAAD,

    Plaintiff, Adv. Pr. 24-04375-mar

 Hon. Mark A. Randon

v.

BRANDON HEITMANN,

    Defendant.

_____/

## CORRECTED AFFIRMATIVE DEFENSES

Brandon Heitmann, Defendant ("Defendant"), by and through his counsel, and for his Affirmative Defenses, states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by his failure to mitigate his damages.

3. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or laches.

4. Applicable law does not allow Plaintiff to recover costs, interest, attorney's fee, and treble damages.

5. Any alleged injuries suffered by Plaintiff were not reasonably foreseeable.

6. This Court may decline invocation of supplemental jurisdiction on the state law claims as they are duplicative and will confuse a jury.

7. All or part of Plaintiff's claims may be denied because Plaintiff is the first breaching party.

8. All or part of Plaintiff's claims may be denied for failure to plead fraud and fraudulent transfers with the requisite specificity.

9. All or part of Plaintiff's claims may be denied for lack of standing.

10. All or part of Plaintiff's claims may be denied because of lack of personal liability on the part of Defendant Heitmann.

11. All or part of Plaintiff's claims may be denied on the basis of accord and satisfaction.

12. All or part of Plaintiff's claims may be denied based on Plaintiff's own negligence.

13. All or part of Plaintiff's claims may be denied based on intervening or superseding causes, including causes by Plaintiff and any subsequent contractor.

14. All or part of Plaintiff's claims may be denied based on estoppel and res judicata.

15. All or part of Plaintiff's claims may be denied based on set offs.

16. All or part of Plaintiff's claims may be denied based on Plaintiff's unclean hands.

17. All or part of Plaintiff's claims may be denied as Defendant became licensed during the pendency of the project.

Defendant reserves the right to amend his Answer to add additional or other affirmative defenses or to delete or withdraw affirmative defenses or to add counterclaims as may become known after reasonable opportunity for appropriate discovery.

Dated: October 10, 2024

Respectfully submitted,
/s/ Robert N. Bassel
Robert Bassel P48420
POBOX T
Clinton, MI 49236
248.677.1234
bbassel@gmail.com
Counsel for Defendant

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                           Chapter 13
                                                 Case No. 24-41956-MAR
**BRANDON HEITMANN,**                            Hon. Mark A. Randon

    Debtor.
_____/
**MOHAMED SAAD,**

    Plaintiff,                          Adv. Pr.   24-04375-mar

                                         Hon. Mark A. Randon

v.

**BRANDON HEITMANN,**

    Defendant.
_____/

**PROOF OF SERVICE**

**On** 10.10.2024, I served a copy of Defendant's corrected Answer and Affirmative Defenses upon counsel of record through the ECF noticing system.

| | |
|---|---|
| Dated: October 10, 2024 | Respectfully submitted,<br>/s/ Robert N. Bassel<br>Robert Bassel P48420<br>POBOX T<br>Clinton, MI 49236<br>248.677.1234<br>bbassel@gmail.com<br>Counsel for Defendant |