UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

   Debtor.
_____/

Chapter 13
Case No. 24-41956-MAR
Hon. Mark A. Randon

MOHAMED SAAD,

   Plaintiff,

v.

BRANDON HEITMANN,

   Defendant.
_____/

Adv. Pro. No.24-04375-mar
Hon. Mark A. Randon

### *CORRECTED*
### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, BRANDON HEITMANN

To: Brandon Heitmann
   c/o Counsel, Robert Bassel, Esq.

  The Plaintiff, Mohamed Saad, by and through his attorneys, OSIPOV BIGELMAN, P.C. pursuant to Federal Rules of Civil Procedure 33, 34 and 36, made applicable to this proceeding by Bankruptcy Rules 7033, 7034 and 7036 hereby demands that Defendant answer the following First Requests of Admissions, First Set of Interrogatories, and First Requests for Production of Documents (collectively, the "Requests"), under oath, within thirty (30) days from the date of service.

  You are requested to provide all information in answer to these Requests within the knowledge or possession of agents, attorneys, investigators, or the agents of the foregoing, or any other person who has made this information known to you

or from whom you can obtain this information. If you do not have certain requested information in your immediate possession, you are requested to make reasonable and diligent effort to obtain such information and to describe such efforts and the results thereof in your answers, if the information is not provided.

These Requests shall be continuing, and supplemental answers and/or production of documents hereto shall be required immediately if you obtain, or learn of the existence of, further or different information and/or documents from the time the answers hereto are made until the time of trial.

In furnishing the information and documents requested you are cautioned to omit nothing which relates to in any way the information or documents requested. Plaintiff will assume that when a document is not produced, it does not exist. Plaintiff will ask the Court to rule that any answers or documents not furnished by you in answer to this discovery request cannot be used by you in relation to this action in any manner.

## *DEFINITIONS*

1. The words document or documents as used herein mean without limitation business records, invoices, checks, security agreements, financing statements, copies of proof of claims filed, names of witnesses, back up to amount of indebtedness, writings and printed matter of every kind and description, photographs and drawings, notes and records (taped, disc, or any other) of any oral communications, agreements, communications, hearings and reports of state and federal governments and governmental agencies, correspondence, e-mails, telegrams, memoranda, summaries or records of telephone conversations, summaries of records of personal interviews, diaries, reports, notebooks, note charts, plans, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, letters, any marginal comments appearing on any document, all other writings, microfilm, microfiche, computer printouts, any other computer information and computer information contained in computer banks, and drafts and non-identical copies of any one or more of the above.

2. The term "Communication" shall mean any written (physical or electronic) or oral transmission of fact, information, or opinion, including any conversation,

statement, conference, meeting, correspondence, memorandum, report, utterance, or notation.

3. To "Identify" or to "State the Identity of'" a person means to state such person's name and last known business or residential address, mailing address, email address, and telephone number(s).

4. To "Identify" or to "State the Identity of'" a document means to state with respect thereto:

    a. The name of the person who prepared it;
    b. The name of the person who signed it or over whose name it was issued;
    c. The name of each person to whom it was addressed or distributed;
    d. The nature and substance of the document with sufficient particularity to enable it to be identified;
    e. The date of the document, and if it bears no date, the date when it was prepared;
    f. The physical location of it and the name and address of its custodian or custodians; and,
    g. Whether it will be made available voluntarily to counsel for plaintiff for inspection and copying.

5. To "Identify" or to "State Identity of" an oral communication means to state with respect thereto:

    a. The name of each person who participated in the communication;
    b. By whom each such person was employed and whom such person represented or purported to represent in making such oral communication;
    c. What each person said;
    d. The date and the place where such oral communication was made; and
    e. Identify each document, which reflects such communication, refers to such communication, or otherwise sets forth part or all of the substance of such communication.

6. To "Identify" a file or business records mean to state with respect thereto:

    a. The name, number or other means by which it is known and can be located;

b. The physical location of it and the name of its custodians; and whether it will be made available voluntarily to counsel for Plaintiff for inspection and copying.

7. Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Complaint (ECF No. 1).

## REQUEST FOR ADMISSIONS ("RTA")

1. Admit that you were the individual responsible for the allocation of funds held in trust by Exigent Landscaping, LLC ("Exigent") for the benefit of its customers, including Plaintiff.

2. Admit that, from the date Exigent signed the Contract for construction of a swimming pool at Plaintiff's residence (the "Project") with Plaintiff until the date such Contract was terminated, you were authorized to sign checks on behalf of Exigent.

3. Admit that, on the date Exigent signed the Contract, you did not hold a Michigan residential builder's license.

4. Admit that, on the date Exigent signed the Contract, no employee of Exigent held a Michigan residential builder's license.

5. Admit that, on the date Exigent signed the Contract, you were aware that Michigan law required a residential builder's license to complete the Project.

6. Admit that, on the date Exigent signed the Contract, you were aware that the "License #: 802082183," contained in the footer of the Contract, did not refer to a Michigan residential builder's license number.

7. Admit that you falsely represented to Plaintiff that you held a valid residential builder's license.

8. Admit that Exigent agreed to provide the labor and materials for the Project.

9. Admit that Plaintiff made progress payments to Exigent pursuant to the Contract in the aggregate amount of $350,000.00.

10. Admit that Exigent failed to first pay its laborers, subcontractors, and suppliers out of the monies received from Plaintiff for the Project.

11. Admit that Exigent paid itself for work associated with the Project before paying its subcontractors and suppliers.

## **INTERROGATORIES ("INT")**

1. If any of the previous Request for Admissions were not unequivocally admitted, describe in detail the basis for your non-admission, including all facts and/or law which support such non-admission.

2. Describe, with as much detail as possible, who was in charge of the accounts payable and receivable for Exigent, and what their duties were.

3. Describe with as much detail as possible who approved, signed, printed and/or stamped checks on behalf of Exigent.

4. Describe with as much detail as possible, the procedure Exigent followed for providing payment to its laborers, subcontractors, and suppliers on the Project.

5. Please state the full name and current address of each person who may have knowledge regarding the facts and circumstances surrounding the allegations and conditions alleged in Plaintiff's Complaint.

6. Please provide a brief characterization of the type of business conducted by Exigent, along with what professional licenses were maintained and who its qualified officer is/was.

7. Provide an accounting for the Project, and include the following:

    a. The amounts that were incurred to subcontractors, laborers and materialmen on the Project;

    b. The amounts that were paid to subcontractors, laborers and materialmen on the Project;

    c. Copies of checks evidencing payments to the subcontractors, laborers, and materialmen identified above;

    d. Any unaccounted balance (i.e., the amount owed less the amount paid) to the subcontractors, laborers, and materialmen for the Project; and

    e. Any amounts Exigent paid to itself (i.e., for overhead or for its work on the Project).

8. Identify all permits requested and/or acquired for the Project, and the name, address, and telephone number of the individuals involved in requesting/acquiring such permits.

9. Please state the name, address, telephone number of each witness you may call at trial, and state whether they are a lay or expert witness, and the subject matter of the witness' expected testimony.

10. With respect to any alleged Affirmative Defenses, please set forth:

    a. Each and every fact you rely upon;

    b. Names and addresses of persons with knowledge of these facts; and

    c. All documents in support of said affirmative defense.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Produce a copy of each and every document in your possession or under your custody or control which pertains to your answers to the Requests for Admissions and Interrogatories contained herein.

2. Please produce an original/copy of: all business and financial records and any accounting of all monies paid by the Plaintiff on the Project; contracts; change orders; extras; addendums; sworn statements; pay applications; receipts; correspondence; notes; memorandum; expenses; invoices; bills; statements; project costs; bids; project projections; project cost analysis; worksheets; blue prints; construction liens; waivers; rebates; discounts; refunds; credits; inspections; building permits; building inspections; delivery tickets; and invoices for all work performed by Exigent on the Project, including but not limited to all documents that can be produced either electronically, via paper, monograph, microfiche, etc.

3. Produce an accounting of all funds received by Exigent from Plaintiff.

4. Produce check ledgers and bank statements for Exigent between January 1, 2022 to the date of answering these discovery requests.

5. Produce a written and/or electronic copy of Exigent's accounting files and/or accounting software files, copies of Exigent's bank statements and check image copies of cancelled checks between January 1, 2022 to the date of answering these discovery requests.

6. Produce electronic copies of software files used to account for business finances (e.g. QuickBooks, Quicken, etc.). Also please include the *Administrator* login and password.

7. Produce detailed Accounts Payable Ledger for Exigent, by vendor for January 1, 2022 to the date of answering these discovery requests.

8. Produce Cash Receipts and Disbursements journals for Exigent, for January 1, 2022 through present.

9. Produce copies of any corresponding purchase orders, work orders, change orders, correspondence or other similar documents issued to Defendant and/or Exigent, and/or any related entities relating to the Project.

10. Produce copies of any and all correspondence between Plaintiff, Exigent, and/or you, or any related person, agent, employee, principal or entities between January 1, 2022 to the date of answering these discovery requests. This should include any faxes, letters, emails or other documents corroborating communications between the parties.

11. Produce a schedule of all capital contributions made and distributions received between you and Exigent from January 1, 2020 to the date of answering these discovery requests.

12. Produce a schedule of all officer loan activity (whether loans to or from) between January 1, 2020 to the date of answering these discovery requests.

13. Produce documentation of all amounts paid to you by Exigent in any form (including, but not limited to salary, wages, commissions, bonuses, benefits, draws, profit-sharing, etc.) from January 1, 2022 to the date of answering these discovery requests.

14. Produce documentation of all amounts paid to Amanda Pisarski by Exigent in any form (including, but not limited to salary, wages, commissions, bonuses, benefits, draws, profit-sharing, etc.) from January 1, 2022 to the date of answering these discovery requests.

15. Produce a list of all employees employed by Exigent, between January 1, 2022 to the date of answering these discovery requests, which have any information regarding the Project.

16. Produce records of all transactions between and among you and Exigent between January 1, 2020 to the date of answering these discovery requests.

17. Produce records of all transactions between and among Amanda Pisarski and Exigent between January 1, 2020 to the date of answering these discovery requests.

18. Produce check ledgers and bank statements for all personal bank accounts (including accounts held individually, held jointly, or to which you have (or had) access) between January 1, 2022 to the date of answering these discovery requests.

19. Produce complete copies of Exigent's tax returns (with all schedules and underlying documents), for tax years 2020-2023.

20. Produce complete copies of your state and federal tax returns (with all schedules and underlying documents), for tax years 2020-2023.

21. Produce Exigent's operating agreement, including any amendments.

22. Produce all company resolutions for Exigent.

23. Produce all documents related to the Project not otherwise identified in these requests.

Respectfully Submitted,

**OSIPOV BIGELMAN P.C.**

DATED: November 15, 2024

*/s/ Anthony J. Miller*
Anthony J. Miller (P71505)
Attorneys for Plaintiff
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
(248) 663-1804
am@osbig.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.

_____/

Chapter 13
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No.24-04375-mar
Hon. Mark A. Randon

## **CERTIFICATE OF SERVICE**

On November 15, 2024, I hereby certify that I filed and served the following: *Corrected* (1) Plaintiff's First Set of Interrogatories, First Request for Admissions and Request for Production of Documents to Defendant, Brandon Heitmann, and (2) Certificate of Service in this action upon Defendant c/o counsel by using the Court's Electronic Filing System:

    Robert Bassel on behalf of Defendant Brandon Heitmann
    bbassel@gmail.com

Respectfully Submitted,

**OSIPOV BIGELMAN P.C.**

DATED: November 15, 2024

*/s/ Anthony J. Miller*
Anthony J. Miller (P71505)
Attorneys for Plaintiff
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
(248) 663-1804
am@osbig.com