UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, Mohamed Saad, by and through his attorneys, OSIPOV BIGELMAN, P.C., states as follows for his Motion to Compel Discovery:

1. On November 15, 2024, Plaintiff served requests for admissions, interrogatories, and requests for the production of documents upon Defendant Brandon Heitmann ("Defendant") (see ECF No. 13).

2. On January 10, 2025, Defendant filed responses to Plaintiff's discovery requests (see ECF No. 16).

3. Defendant's response contains boilerplate "General Objections" that lack specificity and purport to apply to all requests.

4. "Boilerplate objections to interrogatories and requests for production are not permitted under the Federal Rules of Civil Procedure. Rule 33(b)(4) requires that objections to interrogatories be made 'with specificity' and provides that '[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.' Rule 34(b)(2)(B) requires that objections to requests for production 'state with specificity the grounds for objecting to the request.' Rule 34(b)(2)(C) further demands that '[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." *Wesley Corp v Zoom TV Prod, LLC*, ___F Supp 3d___; 2018 U.S. Dist. LEXIS 5068, at *10 (ED Mich, Jan. 11, 2018).

5. "When objections lack specificity, they lack effect: an objection that does not explain its grounds (and the harm that would result from responding) is forfeited. 'Boilerplate or generalized objections are tantamount to no objection at all and will not be considered . . . .' *Strategic Mktg. & Research Team, Inc. v. Auto Data Solutions, Inc.*, 15-12695, 2017 U.S. Dist. LEXIS 48375, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (Murphy III, J.) (quoting *Nissan N. Am., Inc. v. Johnson N. Am., Inc.*, No. 09-11783, 2011 U.S. Dist. LEXIS 16006, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011) (Majzoub, M.J.)). Lawyers who purport to 'preserve' an objection by including it in a boilerplate statement must be prepared to face the fact that the result of a substance-free objection is generally 'the opposite of

preservation[,]' i.e., forfeiture. Jarvey, *Boilerplate, supra*, at 925. Similarly, the common 'notwithstanding-the-above' designations that frequently follow a boilerplate objection and precede a more substantive response also fail to preserve objections. *Id.* The idea that boilerplate in some talismanic way preserves an objection is fallacy." *Id.*, at *10-11 (ED Mich, Jan. 11, 2018).

6. Accordingly, Defendant's boiler-plate objections must be stricken and forfeited.

### Interrogatories

**Improper Filing of Answers to Interrogatories**

7. Local Rule 7026-1(b) states, "Except to the extent necessary in support or defense of a contested matter or an adversary proceeding, the following **must not be filed**: deposition transcripts; **answers to interrogatories**; and documents produced in response to a request for the production of documents" (emphasis added).

8. Nevertheless, Defendant filed his answers to Plaintiff's interrogatories.

9. Defendants' responses are now a part of the Court's record. The responses constitute testimony that is not subject to cross-examination and should be stricken from the record.

**Non-responsive "Responses" to Interrogatories**

10. **Interrogatory 5** asks Defendant to "state the **full name and current**

**address** of each person who may have knowledge regarding the facts and circumstances surrounding the allegations and conditions alleged in Plaintiff's Complaint" (emphasis added).

11. Defendant's response lists several persons, but improperly omits any addresses (or contact information of any kind).

12. **Interrogatory 7** asks Defendant to "Provide an accounting for the Project, and include the following:

   a. The amounts that were incurred to subcontractors, laborers and materialmen on the Project;

   b. The amounts that were paid to subcontractors, laborers and materialmen on the Project;

   c. Copies of checks evidencing payments to the subcontractors, laborers, and materialmen identified above;

   d. Any unaccounted balance (i.e., the amount owed less the amount paid) to the subcontractors, laborers, and materialmen for the Project; and

   e. Any amounts Exigent paid to itself (i.e., for overhead or for its work on the Project)."

13. Defendant responded (after asserting a boilerplate objection), "see attached a spreadsheet of accounting regarding the project. Defendant is still in the process of gathering back-up documents reflecting payments and invoices."

14. However, the "spreadsheet" that Defendant provided contains none of the detailed information included in the request. Defendant has not supplemented his response or provided any of the alleged "back-up documents."

15. **Interrogatory 9** asks Defendant to "state the name, address, telephone number of each witness you may call at trial, and state whether they are a lay or expert witness, and the subject matter of the witness' expected testimony."

16. Defendant's response merely refers to his response to Interrogatory 5 (see above). The response fails to provide any addresses or telephone numbers and fails to describe the subject matter of the witnesses' expected testimony.

## Requests for Production

17. In connection with his responses, Defendant produced a pdf file consisting of 242 pages of documents, the vast majority of which were screenshots of various text message conversations. The provided documents were not organized or labeled, and Defendant's response gives no indication which documents are supposedly responsive to which request.

18. Fed. R. Civ. P. 34(b)(2)(E)(i) (applicable in this matter pursuant to Fed. R. Bankr. P. 7034) requires that a responding party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

19. Defendant's "document dump" does not adequately respond to Plaintiff's requests, in accordance with the rule. Effectively, Defendant provided a "haystack" and told Plaintiff to search for the "needles."

20. Moreover, despite producing 242 pages of documents, Defendant failed

to provide any responsive documents to the majority of Plaintiff's requests.

## Inadequate Partial Production

21. **Request for Production 2** asks Defendant to produce "all business and financial records and any accounting of all monies paid by the Plaintiff on the Project; contracts; change orders; extras; addendums; sworn statements; pay applications; receipts; correspondence; notes; memorandum; expenses; invoices; bills; statements; project costs; bids; project projections; project cost analysis; worksheets; blue prints; construction liens; waivers; rebates; discounts; refunds; credits; inspections; building permits; building inspections; delivery tickets; and invoices for all work performed by Exigent on the Project, including but not limited to all documents that can be produced either electronically, via paper, monograph, microfiche, etc."

22. After asserting a boilerplate objection, Defendant directs Plaintiff to "see attached." While the documents provided by the Defendant include a copy of the contract, a change order, and copies of permits and permit inquiries, they do not include any of the other requested records.

23. **Request for Production 9** directed Defendant to "Produce copies of any corresponding purchase orders, work orders, change orders, correspondence or other similar documents issued to Defendant and/or Exigent, and/or any related entities relating to the Project."

24. After making the same meritless objections described above, Defendant directed Plaintiff to "see attached."

25. However, while the documents provided by the Defendant include a copy of the contract and a change order, they do not include any of the other requested records.

**Complete Failure to Produce**

26. Plaintiff's Requests for Production included the following:

| RFP 4 | Produce check ledgers and bank statements for Exigent between January 1, 2022 to the date of answering these discovery requests. |
|---|---|
| RFP 5 | Produce a written and/or electronic copy of Exigent's accounting files and/or accounting software files, copies of Exigent's bank statements and check image copies of cancelled checks between January 1, 2022 to the date of answering these discovery requests. |
| RFP 6 | Produce electronic copies of software files used to account for business finances (e.g. QuickBooks, Quicken, etc.). Also please include the Administrator login and password. |
| RFP 7 | Produce detailed Accounts Payable Ledger for Exigent, by vendor for January 1, 2022 to the date of answering these discovery requests. |
| RFP 8 | Produce Cash Receipts and Disbursements journals for Exigent, for January 1, 2022 through present. |
| RFP 11 | Produce a schedule of all capital contributions made and distributions received between you and Exigent from January 1, 2020 to the date of answering these discovery requests. |
| RFP 12 | Produce a schedule of all officer loan activity (whether loans to or from) between January 1, 2020 to the date of answering these discovery requests. |
| RFP 13 | Produce documentation of all amounts paid to you by Exigent in any form (including, but not limited to salary, wages, commissions, bonuses, benefits, draws, profit-sharing, etc.) from January 1, 2022 to the date of answering these discovery requests. |

| | |
|---|---|
| RFP 14 | Produce documentation of all amounts paid to Amanda Pisarski by Exigent in any form (including, but not limited to salary, wages, commissions, bonuses, benefits, draws, profit-sharing, etc.) from January 1, 2022 to the date of answering these discovery requests. |
| RFP 16 | Produce records of all transactions between and among you and Exigent between January 1, 2020 to the date of answering these discovery requests. |
| RFP 17 | Produce records of all transactions between and among Amanda Pisarski and Exigent between January 1, 2020 to the date of answering these discovery requests. |
| RFP 18 | Produce check ledgers and bank statements for all personal bank accounts (including accounts held individually, held jointly, or to which you have (or had) access) between January 1, 2022 to the date of answering these discovery requests. |
| RFP 19 | Produce complete copies of Exigent's tax returns (with all schedules and underlying documents), for tax years 2020-2023. |
| RFP 20 | Produce complete copies of your state and federal tax returns (with all schedules and underlying documents), for tax years 2020-2023. |
| RFP 21 | Produce Exigent's operating agreement, including any amendments. |
| RFP 22 | Produce all company resolutions for Exigent. |

27. Defendant produced no documents whatsoever in response to any of these requests, instead objecting that the requests are "vague, overly broad, unduly burdensome, and beyond the scope of the subject matter of this action."

28. Defendant's objections are improper.

29. The requests are not vague – they are pointed and direct, and specifically identify the documents to be produced.

30. The requests are not overly broad. They relate directly to the Defendant's and Exigent's finances during the period wherein Defendant and

Exigent had control over and misappropriated Plaintiff's trust funds.

32. The requests are not unduly burdensome, as the records requested consist of simple, easy to obtain documents – substantially all of which should already be readily available to Defendant based on his participation in this case and Exigent's bankruptcy case.

32. The requests relate directly to the subject matter of this action. Defendant and Exigent misappropriated trust funds paid by the Plaintiff. Defendant's and Exigent's bank statements, financial records, and documents demonstrating their use of funds are directly relevant, if not central, to Plaintiff's claims.

33. Defendants' refusal to provide **any** of these requested documents is enormously prejudicial to the Plaintiff.

## Request for Sanctions

34. This Court has the authority to award sanctions for failure to comply with discovery pursuant to Fed. R. Bankr. P. 7037, which incorporates Fed. R. Civ. P. 37.

35. Fed. R. Civ. P. 37(a)(1) allows, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or

discovery in an effort to obtain it without court action."

36. Fed. R. Civ. P. 37(a)(5) directs, "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

37. The undersigned counsel certifies, in accordance with Fed. R. Civ. P. 37(a)(1), that Plaintiff attempted to "meet and confer" with Defendants' counsel to resolve these discovery issues, including by video conference on March 28, 2025. Plaintiff's efforts were unsuccessful.

38. In compliance with LBR 9014-1(h), undersigned counsel sought concurrence for the relief set forth in this motion. Concurrence was not granted.

39. Defendant's failures and lack of good faith is so egregious and so pervasive as to warrant the imposition of the harshest of sanctions contemplated by Fed. R. Civ. P. 37(b)(2)(A), up to and including attorneys' fees and default.

### Brief in Support

A motion to compel discovery is proper when a party fails to answer requests for admission and interrogatories or to produce documents requested pursuant to applicable discovery rules. Fed. R. Bankr. P. 7037, Fed. R. Civ. P. 37(a)(3)(B)(iii)

and (iv). Good cause exists to compel discovery and award sanctions against Defendant.

In this case, Plaintiff seeks to have Defendant's debt declared non-dischargeable. Defendant defrauded Plaintiff, using a fake builder's license number to induce Plaintiff to pay Defendant and his company hundreds of thousands of dollars, before misappropriating Plaintiff's funds and leaving Plaintiff with an unfinished mud pit in his back yard.

Defendant now shows no inclination to honor his discovery obligations. For the reasons set forth in the Motion, Defendant's objections lack merit, and his failure to comply with discovery is merely his latest effort to avoid the consequences of his fraudulent conduct.

Fed. R. Civ. P. 37, made applicable to this matter pursuant to Fed. R. Bankr. P. 7037, states in pertinent part:

> (a)(1) On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> ***
>
> (a)(5) If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

reasonable expenses incurred in making the motion, including attorney's fees.

The Court therefore has authority to issue an order compelling the Defendant to comply with the other outstanding discovery requests, and order Defendant to pay the reasonable attorney's fees incurred with the present Motion.

WHEREFORE, Plaintiff respectfully requests that this Court enter an appropriate Order compelling discovery and granting such other relief as the Court finds just and equitable, under the circumstances.

Dated: April 17, 2025

**OSIPOV BIGELMAN, P.C.**

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorney for Plaintiff
20700 Civic Center Drive Suite 420
Southfield, MI 48076
248.663.1800
jhb@osbig.com

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

   Debtor.
_____/

MOHAMED SAAD,

  Plaintiff,
v.

BRANDON HEITMANN,

  Defendant.
_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## **ORDER GRANTING MOTION TO COMPEL DISCOVERY**

THIS MATTER having come before the Court pursuant to Plaintiff's Motion to Compel Discovery, the Court being duly advised in the premises,

**IT IS HEREBY ORDERED** that the Defendant's discovery responses filed at ECF No. 16 are stricken.

**IT IS FURTHER ORDERED** that, within 7 days of the entry of this Order, Defendant shall provide full and complete responses to the Plaintiff's Interrogatories and Requests for Production.

**IT IS FURTHER ORDERED** that, should Defendant fail to comply with

this Order, the Plaintiff may file an Affidavit of Default and submit to the Court for entry a Default Judgment in favor of Plaintiff and against Defendant on all Counts of Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that sanctions are awarded in favor of the Plaintiff and against Defendant in the amount of $1,500.00.

EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## **NOTICE OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff, by and through his counsel, has filed a Motion to Compel Discovery.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant relief requested in the **motion**, or if you want the Court to consider your views on the matter, within fourteen (14) days from the date of service of this notice, you or your attorney must:

1.    **File with the Court** a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court

---

[1] Response or answer must comply with F.R.Civ.P.8(b)(c) and (c)

211 West Fort Street, Suite 1700<br/>
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it within the above-referenced time period.

**2.** **Mail a copy to:**

> Jeffrey H. Bigelman, Esq.
> OSIPOV BIGELMAN, P.C.
> 20700 Civic Center Drive, Ste.420
> Southfield, MI  48076

**3.** **If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.**

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order granting that relief.**

Dated: April 17, 2025

**OSIPOV BIGELMAN, P.C.**

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorney for Plaintiff
20700 Civic Center Drive Suite 420
Southfield, MI 48076
248.663.1800
jhb@osbig.com

EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## **CERTIFICATE OF SERVICE**

I, Jeffrey H. Bigelman, hereby certify that on April 17, 2025, I filed:

- Motion to Compel Discovery
- Proposed Order Granting Motion to Compel Discovery
- Notice of Motion to Compel Discovery
- Certificate of Service

with the Clerk of the Court using the ECF system which will send notification of such filing to all parties who filed an electronic appearance in this case including.

Robert N. Bassel on behalf of Defendant Brandon Heitmann
bbassel@gmail.com, robertbassel@hotmail.com;ecfbassel@gmail.com

Jeffrey H. Bigelman on behalf of Plaintiff Mohamed Saad
jhb_ecf@osbig.com, tc@osbig.com;mk@osbig.com

Anthony James Miller on behalf of Plaintiff Mohamed Saad
am@osbig.com

Yuliy Osipov on behalf of Plaintiff Mohamed Saad
yotc_ecf@yahoo.com, yo_ecf@osbig.com;tc_ecf@osbig.com

Tyler Phillips on behalf of Defendant Brandon Heitmann
tphillips@kotzsangster.com,
lpfund@kotzsangster.com;mdelorme@kotzsangster.com;aclark@kotzsangster.com

Dated: April 17, 2025

**OSIPOV BIGELMAN, P.C.**

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorney for Plaintiff
20700 Civic Center Drive Suite 420
Southfield, MI 48076
248.663.1800
jhb@osbig.com