UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

  Plaintiff,

v.

BRANDON HEITMANN,

  Defendant.
_____/

Chapter 13
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-MAR
Hon. Mark A. Randon

## DEFENDANT BRANDON HEITMANN'S CORRECTED MOTION TO COMPEL COMPLETE DISCOVERY

Defendant Brandon Heitmann, by and through his counsel, Kotz Sangster Wysocki, P.C., and for his Corrected Motion to Compel Complete Discovery hereby states as follows:

1. On or about February 12, 2025, Defendant served his First Requests for Production of Documents to Mohamed Saad. (**Exhibit 2**).[1]

2. Plaintiff's Requests for Production included the following:

---

[1] The proposed order is attached as **Exhibit 1.**

1

| | |
|---|---|
| RFP 1 | Produce all communications with Defendant and its employees related to the subject pool/project including any documents exchanged including emails, letters, text messages and social media messages.<br><br>ANSWER: Plaintiff answered that all such communications are already in Defendant's possession. |
| RFP 3 | Produce all contracts and amendments with Defendant related to the subject party.<br><br>ANSWER: Plaintiff answered that all such documents are already in possession of Defendant. |
| RFP 4 | All communications with any other entities, individuals, and companies that repaired, replaced, performed work, or provided estimates on the subject Project.<br><br>ANSWER; Plaintiff answered that he is unaware of any responsive documents in his possession not already produced. |
| RFP 5 | All contracts and amendments with any other entities, individuals, and companies that repaired, replaced, or performed work on the subject Project.<br><br>ANSWER: Plaintiff answered that he is unaware of any responsive documents in his possession not already produced. |
| RFP 6 | All bills, invoices, and/or receipts with other entities, individuals, and companies that repaired and/or replaced the subject Project.<br><br>ANSWER: Plaintiff answered that he is unaware of any responsive documents in his possession not already produced. |
| RFP 7 | All communications with any other persons (not including legal counsel) relating to the subject Project, as well as all documents exchanged with other persons related to the subject Project, including communications with other Exigent customers.<br><br>ANSWER: Plaintiff answered that he is unaware of any such communications. |
| RFP 8 | All documents received or obtained from any sources (other than documents received from Defendant) whether by subpoena, request for production, written authorization, or otherwise, relating to the subject matter of this litigation. |

| | |
|---|---|
| | ANSWER: Plaintiff answered that he was unaware of any responsive documents in his possession. |
| RFP 9 | All documents Plaintiff identified, described, or referenced in his answers or responses to any interrogatory or other discovery request served upon him in this litigation.<br><br>ANSWER: Plaintiff answered that he is unaware of any responsive documents in his possession. |
| RFP 10 | Any non-privileged notes, statements, and/or other documents that relate to the subject matter of this litigation.<br><br>ANSWER: Plaintiff answered that he is unaware of any responsive documents in his possession. |
| RFP 11 | Produce all documents that relate to contentions, positions, or defenses in this litigation that demonstrate, corroborate, substantiate, support, or otherwise relate to contentious, positions, or defenses in this litigation.<br><br>ANSWER: Notwithstanding his objection, Plaintiff failed to produce any documentation. |
| RFP 14 | All communications, emails, call logs, text messages, social media messages or other written communications, emails, call logs, text messages, social media messages or other written communication Plaintiff had with any current, former, or potential customer of Exigent Design and Build, including but not limited to Alex Boyd, Rebecca Boyd, Angela Hebeka, Joseph Hebeka, Daniel Carter and their attorneys.<br><br>ANSWER: Plaintiff answered that he is unaware of any responsive documents in his possession. |
| RFP 15 | Produce all communications and documentation relating to any permits or approvals related to the pool project.<br><br>ANSWER: Plaintiff answered that all such requested information should be in the possession of Defendant as the contractor on the project. |
| RFP 18 | All documents and communications with Justin Booth from Coastal.<br><br>ANSWER: Plaintiff answered that he is unaware of any responsive documents in his possession that were not already produced. |
| RFP 19 | All documents and communications with Messina Concrete and Dolphin Waterslides. |

|  |  |
|---|---|
|  | ANSWER: Plaintiff answered that he possess no responsive documents. |
| RFP 20 | Produce all communications with Rana Saad regarding the subject Project.<br><br>ANSWER: Plaintiff objected on the grounds of marital privilege. |

3. In response to twenty-two requests to produce, Plaintiff only produced three photographs. Moreover, said photographs were "copy and pasted" into a pdf, and thus produced in a format that is not even admissible at trial. Aside from said photographs, Plaintiff produced no documents whatsoever in response to any Defendant's requests. (**Exhibit 3**, *Saad Responses*).

4. Plaintiff's answers to requests no. 1,3, and 15 that any such documentation "should already be in Defendant's possession" are insufficient and do not comply with the discovery rules. The mere fact that Defendant may have possession of certain documents does not negate Plaintiff's obligation to provide the requested documentation pursuant to Fed.R.Civ.P.34 if they are still under Plaintiff's control. *Brown v. Tax Ease Lien Servicing, LLC,* 2016 U.S. Dist. LEXIS 195843 at *43 (W.D. Ky. Oct. 11, 2016)("it is not a proper objection to discovery to suggest that the other party already has the information or that it is available elsewhere.")

5. Requests No.'s 4,5,6,7,8,9,10,14,18 Plaintiff provided a lacking response in the form of being "unaware of any responsive documents in his possession." A response of mere "unawareness" is not a valid objection and does not

satisfy Plaintiff's duty to conduct a reasonable search for responsive documents. Rule 26(g)[2] clearly require that parties make a "reasonable inquiry" for document productions which includes a diligent search and thorough effort to locate documents within their possession, custody, or control. Plaintiff is to indicate if he does not have the requested documents.

6. Further, the documents requested here would seemingly *have* to be in Plaintiff's possession in order for Plaintiff to prove his case-in-chief. By way of example, and not limitation: (1) Plaintiff alleges to have directly paid subcontractors on the relevant project, but is "unaware" of the existence of any receipts; (2) Plaintiff allegedly does not have *any* written communications regarding the project despite the fact Defendant has already produced text messages with Plaintiff; and (3) Plaintiff does not have any communications with alleged replacement contractors on the project.

7. Plaintiff's Initial Disclosures (**Exhibit 4**) identifies items which are allegedly in his possession pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) including:

    a. All documents needed to establish the claims set forth in the Complaint.

    b. All documents made available for inspection to Defendant.

    c. All Documents identified in Plaintiff's discovery responses.

---

[2] Fed. R. Civ. P. 26 is incorporated by reference in Fed. R. Bankr. P. 7026.

8. Plaintiff has not provided any of the aforementioned "documents" identified in his Initial Disclosures.

9. Based on the above Plaintiff's is either withholding documentation or has no intention to provide any form of documentary evidence to prove his case-in-chief.

10. Moreover, Plaintiff's general objections and individual objections contained in each response are boilerplate and fail to excuse its obligation to produce responsive documents.

11. "Boilerplate objections to interrogatories and requests for production are not permitted under the Federal Rules of Civil Procedure. Rule 34(b)(2)(B) requires that objections to requests for production 'state with specificity the grounds for objecting to the request.' Rule 34(b)(2)(C) further demands that '[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." *Wesley Corp v Zoom TV Prod, LLC*, ___F Supp 3d___; 2018 U.S. Dist. LEXIS 5068, at *10 (ED Mich, Jan. 11, 2018).

12. "When objections lack specificity, they lack effect: an objection that does not explain its grounds (and the harm that would result from responding) is forfeited. 'Boilerplate or generalized objections are tantamount to no objection at all and will not be considered . . . .' *Strategic Mktg. & Research Team, Inc. v. Auto Data Solutions, Inc.*, 15-12695, 2017 U.S. Dist. LEXIS 48375, 2017 WL 1196361, at *2

(E.D. Mich. Mar. 31, 2017) (Murphy III, J.) (quoting *Nissan N. Am., Inc. v. Johnson N. Am., Inc*., No. 09-11783, 2011 U.S. Dist. LEXIS 16006, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011) (Majzoub, M.J.)). Lawyers who purport to 'preserve' an objection by including it in a boilerplate statement must be prepared to face the fact that the result of a substance-free objection is generally 'the opposite of preservation[,]' i.e., forfeiture. Jarvey, *Boilerplate, supra*, at 925. Similarly, the common 'notwithstanding-the-above' designations that frequently follow a boilerplate objection and precede a more substantive response also fail to preserve objections. *Id.* The idea that boilerplate in some talismanic way preserves an objection is fallacy." *Id.*, at *10-11 (ED Mich, Jan. 11, 2018).

13. Accordingly, Defendant's boiler-plate objections must be stricken and forfeited.

14. Defendant's requests are not vague – they are pointed and direct, and specifically identify the documents to be produced.

15. Defendant's requests are not overly broad since they related directly to the pool project at issue, agreements and communications with Defendant, contractors, subcontractors, as well as damages deriving from Plaintiff's claims.

16. Defendant's requests are not unduly burdensome, as the records requested consist of documents that are within Plaintiff's custody and control. Said

documents relate directly to the subject matter of this action, regardless of whether Defendant already has possession of said records.

17. Pursuant to Fed.R.Civ.P.34(b)(2)(C)[3], an objection must state whether any responsive materials are being withheld on the basis of that objection. Plaintiff's responses do not indicate if any materials were deliberately withheld.

18. Plaintiff also claims that he had to pay subcontractors, yet in response to Request No. 19 where Defendant asks for all documents and communications with said contractors, Messina Concrete and Dolphin Waterslides, Plaintiff provided no documents evidencing any payments or communications with any subcontractors.

19. Plaintiff's discovery responses are clearly deficient.

20. In addition the deficiency in Plaintiff's responses to request for documents, Plaintiffs have failed to answer interrogatories under oath pursuant to Fed. R. Civ. P. 33(3).[4]

21. Defendant is entitled to receive complete responses to all discovery requests as a matter of right, particularly in light of the relevance of the information sought and the importance of these documents which would support the basic foundational claims made by Plaintiff. Plaintiff's incomplete responses prejudice

---

[3] Fed. R. Bankr. P. 7034 incorporates Fed. R. Civ. P. 34 by reference.
[4] Fed R. Bankr. P. 7033 incorporates Fed. R. Civ. P. 33 by reference.

Defendant's ability to prepare for trial, conduct necessary depositions, and otherwise defend this action.

22. Pursuant to Fed.R.Civ.P. 37(a)(5)(A)[5], this Court is authorized to require Plaintiff to pay Defendant's reasonable expenses and attorneys' fees, as a result of Plaintiff having to file this instant motion.

23. Fed. R. Civ. P. 37(a)(1) allows, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

24. Fed. R. Civ. P. 37(a)(5) directs, "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

25. The undersigned counsel certifies, in accordance with Fed. R. Civ. P. 37(a)(1), that Defendant attempted to "meet and confer" with Plaintiff's counsel to resolve these discovery issues. Defendant's efforts were unsuccessful.

---

[5] Fed. R. Bankr. P. 7037 incorporates Fed. R. Civ. P. 37 by reference.

a. In compliance with LBR 9014-1(h), undersigned counsel sought concurrence for the relief set forth in this motion. Concurrence was not granted.

b. Plaintiff's failures and lack of good faith is so egregious and so pervasive as to warrant the imposition of the harshest of sanctions contemplated by Fed. R. Civ. P. 37(b)(2)(A), up to and including attorneys' fees and default.

26. Defendant hereby brings this motion for an order compelling discovery pursuant to Fed.R.Civ.P. 37(a)(4).

WHEREFORE, Defendant Heitmann, requests that this Honorable Court enter an order compelling Plaintiff Saad to provide full and complete responses to Defendant's Requests for Production of Documents and Interrogatories; award Defendant its reasonable expenses, including attorneys' fees incurred in bringing this motion.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

Dated: April 23, 2025

/s/ *Tyler P. Phillips*
By: Tyler P. Phillips (P78280)
Attorneys for Brandon Heitmann
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300 / (313) 259-1451
tphillips@kotzsangster.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

  Plaintiff,

v.

BRANDON HEITMANN,

  Defendant.
_____/

Chapter 13
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-MAR
Hon. Mark A. Randon

# BRIEF IN SUPPORT OF DEFENDANT BRANDON HEITMANN'S CORRECTED MOTION TO COMPEL COMPLETE DISCOVERY

Defendant, Brandon Heitmann, for his brief in support of his Corrected Motion to Compel Complete Discovery (the "Motion") relies on the arguments and law stated in the Motion, which incorporated by reference herein.

Specifically, Defendant's Motion should be granted because:

1. Plaintiff produced only three pictures in response to extensive discovery requests contrary to his obligations under Fed.R.Civ.P.34;

2. Plaintiff failed to answer his interrogatories under oath contrary to Fed.R.Civ.P.33.

## CONCLUSION

WHEREFORE, Defendant Heitmann requests that this Honorable Court enter an order compelling Plaintiff Saad to provide full and complete responses to Defendant's Requests for Production of Documents and Interrogatories; award Defendant its reasonable expenses, including attorneys' fees incurred in bringing this motion.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

Dated: April 23, 2025

/s/ *Tyler P. Phillips*
By: Tyler P. Phillips (P78280)
Attorneys for Brandon Heitmann
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300 / (313) 259-1451
tphillips@kotzsangster.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

Chapter 13
Case No. 24-41956-MAR
Hon. Mark A. Randon

MOHAMED SAAD,

Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Adv. Pro. No. 24-04375-MAR
Hon. Mark A. Randon

## NOTICE OF DEFENDANT BRANDON HEITMANN'S CORRECTED MOTION TO COMPEL COMPLETE DISCOVERY

Defendant Brandon Heitmann has filed papers with the court to enter an order compelling Plaintiff Saad to provide full and complete responses to Defendant's Requests for Production of Documents and Interrogatories.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to enter an order compelling Plaintiff Saad to provide full and complete responses to Defendant's Requests for Production of Documents and Interrogatories, or if you want the court to consider your views on the motion, within 7 days, you or your attorney must:

File with the court a written response or an answer, explaining your position at:[1]

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

1

**United States Bankruptcy Court**
211 West Fort Street
Room 1820
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

Tyler P. Phillips
Kotz Sangster Wysocki, PC
400 Renaissance Center, Suite 3400
Detroit, MI 48243

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

Dated: April 23, 2025

/s/ *Tyler P. Phillips*
By: Tyler P. Phillips (P78280)
Attorneys for Brandon Heitmann
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300 / (313) 259-1451
tphillips@kotzsangster.com

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Case No. 24-41956-mar
Chapter 7
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, I electronically served the foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the Office of the United States Trustee and all those listed by the Court as receiving electronic notices in this case from the Court's CM/ECF system.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

Dated: April 23, 2025

/s/ *Tyler P. Phillips*
By: Tyler P. Phillips (P78280)
Attorneys for Brandon Heitmann
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300 / (313) 259-1451
tphillips@kotzsangster.com

13