UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.

_____/

Chapter 13
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No.24-04375-MAR
Hon. Mark A. Randon

## AMENDED PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT BRANDON HEITMANN'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO MOHAMED SAAD

Now comes Mohamed Saad, Plaintiff, by and through his attorneys, OSIPOV BIGELMAN, P.C., and states as follows as his Answers and Objections to Defendant Brandon Heitmann's First Requests for Production of Documents to Mohamed Saad:

### GENERAL OBJECTIONS

1. Plaintiff objects to these discovery requests to the extent that they purport to impose on Plaintiff's obligations exceeding those imposed by the Federal Rules of Civil Procedure.

2. Plaintiff objects generally to the discovery requests to the extent they seek information regarding subjects protected by the attorney-client privilege,

work product protection, or any other privilege or immunity from discovery. Plaintiff will not disclose such information, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or any work product documents, which may attach thereto.

     3.    Plaintiff objects generally to the discovery requests to the extent they seek information, which is neither relevant to the subject matter at issue in this action nor reasonably calculated to lead to the discovery of admissible evidence.

     4.    Discovery is currently ongoing. Plaintiff expressly reserves the right to amend, supplement and/or alter these responses, if necessary, during the course of discovery as additional information becomes available.

     5.    Plaintiff's responses to the discovery requests are made without waiving:

- A) All questions as to the competence, relevance, materiality, privilege and/or admissibility as evidence, for any purpose, of the responses provided by Plaintiff or the subject matter thereof;
- B) The right to object on any ground to the use of the responses provided by Plaintiff or the subject matter thereof;
- C) The right to object at any time to any other set of discovery requests; and
- D) The right to revise, supplement, correct, add to, or clarify Plaintiff's responses and objections to these discovery requests.

The above General Objections apply to each of the following requests and is a part of the response to each of them. Subject to and without waiver of its foregoing General Objections, Plaintiff responds to Defendant Brandon Heitmann's First Requests for Production of Documents to Mohamed Saad as follows:

**REQUEST NO. 1: All communications between you and Defendant (including Exigent and its employees) relating to the subject Pool/Project, as well as all documents exchanged between you and Defendant relating to the subject Project. This includes but is not limited to emails, letters, text messages, and social media messages.**

**ANSWER:** Plaintiff objects to this request, as vague, overly broad, and unduly burdensome. In addition, all such communications are already in Defendant's possession. Without waiving any such objections, Plaintiff provides emails with Exigent and Plaintiff's text messages with Defendant.

**REQUEST NO. 2: All communications between you and Osama Abdullah ("OJ") relating to the subject Project.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving any such objection, upon information and belief, all such communications were over the phone or in person, principally consisting of advice if something did not appear right or safe.

**REQUEST NO. 3: All contracts and amendments between you and Defendant relating to the subject Project.**

**ANSWER:** Plaintiff objects to this request, as all such documents are already in possession of Defendant. Without waiving any such objections, Plaintiffs provides the contract with Exigent (previously attached to Plaintiff's Complaint as Exhibit A).

**REQUEST NO. 4: All communications between you and any other entities, individuals, and companies that repaired, replaced, performed work, or provided estimates on the subject Project.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving any such objections, Plaintiff provides email communication (with attachments) from Justin Booth of Coastal Pools.

**REQUEST NO. 5: All contracts and amendments between you and any other entities, individuals, and companies that repaired, replaced, or performed work on the subject Project.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving any such objections, Plaintiff provides Coastal Pools quote/contract.

**REQUEST NO. 6: All bills, invoices, and/or receipts between you and any other entities, individuals, and companies that repaired and/or replaced the subject Project.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving any such objections, Plaintiff provides Coastal Pools invoices.

**REQUEST NO. 7: All communications between you and any other persons (not including your legal counsel) relating to the subject Project, as well as all documents exchanged between you and such other persons relating to the subject Project. This includes, but is not limited to, communications with other Exigent customers.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving any such objections, Plaintiff possesses no responsive documents.

**REQUEST NO. 8: All documents you received or obtained from any sources (other than the documents received by you from Defendant) whether by subpoena, request for production, written authorization, or otherwise, relating to the subject matter of this litigation.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving such objection, Plaintiff possesses no responsive documents.

**REQUEST NO. 9: All documents you identified, described, or referenced in your answers or responses to any interrogatory or other discovery request served upon you in this litigation.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving such objection, Plaintiff has provided all responsive documents in his possession.

**REQUEST NO. 10: Any non-privileged notes, statements, and/or other documents that relate to the subject matter of this litigation.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving such objection, Plaintiff has provided all responsive documents in his possession.

**REQUEST NO. 11:** All documents that relate to your contentions, positions, or defenses in this litigation, including without limitation, any and all documents that you believe demonstrate, corroborate, substantiate, support, or otherwise relate to your contentions, positions, or defenses in this litigation.

**ANSWER:** Plaintiff objects to this request as vague, duplicative, overly broad, and unduly burdensome.

**REQUEST NO. 12:** All documents you intend to introduce at the trial in this matter (which are known to you at this time).

**ANSWER:** Plaintiff objects to this request as vague, duplicative, overly broad, and unduly burdensome. Without waiving any such objections, Plaintiff reserves the right to introduce, without limitation, all documents referenced in Plaintiff's Initial Disclosures, Defendant's Initial Disclosures, all documents produced in response to these requests, all documents produced by Defendant in this litigation, all pleadings in this litigation, all pleadings in Defendant's bankruptcy case, and all pleadings in Exigent Landscaping's bankruptcy case.

**REQUEST NO. 13:** All documents and/or communications you exchanged with any experts expected to testify in this matter, including, but not limited to, communications requesting an opinion from the experts, the experts' curricula vitae, and any reports and/or documentation prepared by the experts memorializing their opinions regarding the subject matter of this litigation.

**ANSWER:** Plaintiff objects to this request as premature, overly broad, and unduly burdensome. Without waiving any such objections, Plaintiff has provided all responsive documents in his possession.

**REQUEST NO. 14:** To the extent not provided from a previous request, all communications, emails, call logs, text messages, social media messages or other written communication you had with any current, former, or potential customer of Exigent Design and Build, including but not limited to Alex Boyd, Rebecca Boyd, Angela Hebeka, Joseph Hebeka, Daniel Carter and their attorneys.

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving such objection, Plaintiff possesses no responsive documents.

**REQUEST NO. 15: To the extent not provided from a previous request, all communications and documentation relating to any permits or approvals related to the pool Project.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. In addition, all such requested information should be in possession of the Defendant, as the contractor on the Project. Without waiving any such objections, Plaintiff has provided all responsive documents in his possession.

**REQUEST NO. 16: To the extent not provided from a previous request, all communications and documentation between you and any township, county, or governmental entity relating to the Pool Project including municipal permitting, building, or inspection offices.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving such objection, Plaintiff possesses no responsive documents.

**REQUEST NO. 17: All photos, video, and media of the Project site as it relates to the Project.**

**ANSWER:**
Plaintiff objects to this request as vague, duplicative, overly broad, and unduly burdensome. Without waiving any such objection, see below (and attachments to Booth email provided in response to RFP No.

4:



**These are large rocks just stacked. No footings in the ground to support it. No Steel being reinforced. After one week, the "grotto" began to tilt forward. The large rock on top cracked down the middle.**





**REQUEST NO. 18:** To the extent not provided from a previous request, all documents and communications with Justin Booth from Coastal.

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving such objection, Plaintiff has provided all responsive documents in his possession.

**REQUEST NO. 19:** To the extent not provided from a previous request, all documents and communications with Messina Concrete and Dolphin Waterslides.

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Without waiving such objection, Plaintiff possesses no responsive documents, as, upon information and belief, all such communications were verbal. Without waiving such objections, Plaintiff produces invoices and payments

receipts from Dolphin Waterslides and Plaintiff's American Express statements showing payment of Messina Concrete.

**REQUEST NO. 20: To the extent not provided from a previous request, all communications with Rana Saad regarding the subject Project.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request on the grounds that it requests information or communication protected by the marital privilege.

**REQUEST NO. 21: To the extent not provided from a previous request, all documents and communications with banks or financing companies regarding the subject Project.**

**ANSWER:** Plaintiff objects to this request as vague, overly broad, unduly burdensome, reasonably calculated to lead to the discovery of relevant admissible evidence.

Respectfully submitted,

Dated: April 23, 2025     /s/ Mohamed Saad
Mohamed Saad, Plaintiff

Submitted by,

**OSIPOV BIGELMAN, P.C.**

Dated: April 23, 2025     /s/ Anthony J. Miller
ANTHONY J. MILLER (P71505)
Attorneys for Plaintiff
20700 Civic Center Dr. Ste. 420
Southfield, MI 48076
248.636.1800
am@osbig.com