UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 13
 Case No. 24-41956-MAR
BRANDON HEITMANN,  Hon. Mark A. Randon

    Debtor.
_____/
MOHAMED SAAD,

    Plaintiff,  Adv. Proc. 24-04375-mar
 Hon. Mark A. Randon
v.

BRANDON HEITMANN,

    Defendant.
_____/

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Brandon Heitmann, Defendant ("Defendant"), by and through his counsel, KOTZ SANGSTER WYSOCKI, P.C., and in answer to Plaintiff's First Amended Complaint, states as follows:

1. Admitted.

### Jurisdiction

2. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

1

3. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

4. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

**Parties**

5. Neither admitted nor denied as Defendant lacks the requisite information and/or belief to admit or deny this allegation and Defendant leaves Plaintiff to his proofs.

6. Admitted.

7. Admitted.

**Factual Statement**

8. Admitted.

9. Admitted.

10. Denied as stated. Exigent was engaged in designing and installing outdoor landscapes, including pools.

11. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

12. Denied as stated. Plaintiff makes numerous allegations which contain overly broad statements regarding operations and unspecified non-exhaustive "catch-all" statements with respect to Heitmann's responsibilities.

13. Denied.

14. Admitted in part. The parties entered into a contract modification on or about August 5, 2022. To the extent not admitted, Defendant denies.

15. Admitted.

16. Admitted.

17. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

18. Denied as stated.

19. Denied as stated.

20. Admitted only that the referenced number is Exigent's identification number with LARA.

21. Denied for the reason that the allegations in this Paragraph are untrue.

22. Denied for the reason that the allegations in this Paragraph are untrue.

23. Denied for the reason that the allegations in this Paragraph are untrue.

24. Denied for the reason that the allegations in this Paragraph are untrue.

25. Denied for the reason that the allegations in this Paragraph are untrue.

26. Neither admitted nor denied as Defendant lacks the requisite information and/or belief to admit or deny this allegation and Defendant leaves Plaintiff to his proofs.

27. Denied for the reason that the allegations in this Paragraph are untrue.

28. Denied for the reason that the allegations in this Paragraph are untrue.

29. Denied for the reason that the allegations in this Paragraph are untrue.

30. Denied for the reason that the allegations in this Paragraph are untrue.

31. Denied for the reason that the allegations in this Paragraph are untrue.

32. Denied for the reason that the allegations in this Paragraph are untrue.

33. Denied as to Plaintiff's allegations regarding Defendant Heitmann's and Exigent's conduct for the reason that the allegations in this Paragraph are untrue. Answering further, neither admitted nor denied as to the allegation regarding Michigan statutory law on the basis that these allegations contain legal conclusions or statements to which no response is required.

34. Denied for the reason that the allegations in this Paragraph are untrue.

35. Denied for the reason that the allegations in this Paragraph are untrue.

36. Denied for the reason that the allegations in this Paragraph are untrue.

37. Denied for the reason that the allegations in this Paragraph are untrue. Answering further, neither admitted nor denied as to Plaintiff's reference to MCL § 600.2919a on the basis that this allegation contains legal conclusions or statements to which no response is required.

38. Denied for the reason that the allegations in this Paragraph are untrue. Answering further, neither admitted nor denied as to Plaintiff's reference to Michigan statutory and case law on the basis that this allegation contains legal conclusions or statements to which no response is required.

39. Neither admitted nor denied on the basis that this allegation contains legal

conclusions or statements to which no response is required.

40. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

41. Admitted in part and denied in part as parties other than Defendant had access to Exigent's bank accounts.

42. Admitted that Defendant was authorized to sign checks on behalf of Exigent, denied as stated because the allegation is overbroad as it relates to this particular project.

43. Admitted that Defendant signed checks on behalf of Exigent, denied as stated because the allegation is overbroad as it relates to this particular project.

44. Admitted that Defendant made some financial decisions, denied as state because the allegation is overbroad as it relates to this particular project.

45. Denied as stated for the reason it is untrue, Exigent's project managers and/or CFO, not Defendant were responsible for the alleged on this Project.

46. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

47. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

48. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

49. Denied for the reason that it is untrue.

50. Denied for the reason that the allegations in this Paragraph are untrue.

51. Denied with regard to allegations involving retention and expending of trust funds for the reason that the allegations in this Paragraph are untrue. Neither admitted nor denied with regard to the reference to the MBCFA on the basis that this allegation contains legal conclusions or statements to which no response is required.

52. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

53. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

54. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

55. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

56. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

57. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required. To the extent an answer is required, denied for the reason that it is untrue.

58. Denied for the reason that the allegations in this Paragraph are untrue.

59. Denied with regard to the allegation that Defendant misappropriated trust funds. Answering further, neither admitted nor denied with regard to the remaining

allegations on the basis that these allegations contain legal conclusions or statements to which no response is required.

60. Denied for the reason that the allegations in this Paragraph are untrue.

61. Denied for the reason that the allegations in this Paragraph are untrue.

62. Denied for the reason that the allegations in this Paragraph are untrue.

## Count 1
## Section 523(a)(2)

63. Defendant incorporates his responses numbered 1 - 62, *supra*, as though fully set forth herein in full.

64. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required. Answering further, denied to the extent that Plaintiff implies that Defendant engaged in false pretenses, a false representation, actual fraud, or intentional use of a materially false statement, with the intent to deceive for the reason that the allegations in this Paragraph are untrue.

65. Denied for the reason that the allegations in this Paragraph are untrue.

66. Denied for the reason that the allegations in this Paragraph are untrue.

67. Denied for the reason that the allegations in this Paragraph are untrue.

68. Denied for the reason that the allegations in this Paragraph are untrue.

69. Denied for the reason that the allegations in this Paragraph are untrue.

70. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

71. Denied for the reason that the allegations in this Paragraph are untrue.

72. Denied for the reason that the allegations in this Paragraph are untrue.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint against him, award Defendant reasonable costs expenses and attorneys' fees incurred in this action, and award Defendant any such other and further relief that it deems appropriate.

## Count 2
## Section 523(a)(4)

73. Defendant incorporates his response number 1 – 72, *supra*, as though fully set forth herein.

74. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required. Answering further, denied to the extent that Plaintiff implies that Defendant engaged in fraud or defalcation while acting in a fiduciary.

75. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

76. Denied for the reason that the allegations in this Paragraph are untrue.

77. Denied for the reason that the allegations in this Paragraph are untrue.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint against him, award Defendant reasonable costs expenses and attorneys' fees incurred in this action, and award Defendant any such other and further relief that it deems appropriate.

## Count 3
## Statutory Conversion M.C.L. § 600.2919a

78. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

79. Denied for the reason that the allegations in this Paragraph are untrue.

80. Denied for the reason that the allegations in this Paragraph are untrue.

81. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

82. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

83. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint against him, award Defendant reasonable costs expenses and attorneys' fees incurred in this action, and award Defendant any such other and further relief that it deems appropriate.

## Count 4
## Section 523(a)(6)

84. Defendant incorporates his response number 1 – 83, *supra*, as though fully set forth herein.

85. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

86. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

87. Neither admitted nor denied on the basis that this allegation contains legal conclusions or statements to which no response is required.

88. Denied for the reason that the allegations in this Paragraph are untrue.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint against him, award Defendant reasonable costs expenses and attorneys' fees incurred in this action, and award Defendant any such other and further relief that it deems appropriate.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

/s/ Tyler P. Phillips
By: Tyler P. Phillips (P78280)
Co-Counsel for Defendant
400 Renaissance Center, Ste. 3400
Detroit, MI 48243
(313) 259-8300 / (313) 259-1451
tphillips@kotzsangster.com

Dated: April 29, 2025

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Case No. 24-41956-mar
Chapter 7
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## CERTIFICATE OF SERVICE

    I hereby certify that on April 29, 2025, I electronically served the foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the Office of the United States Trustee and all those listed by the Court as receiving electronic notices in this case from the Court's CM/ECF system.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

Dated: April 29, 2025

/s/ *Tyler P. Phillips*
By: Tyler P. Phillips (P78280)
Attorneys for Brandon Heitmann
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300 / (313) 259-1451
tphillips@kotzsangster.com