UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

  Plaintiff,

v.

BRANDON HEITMANN,

  Defendant.
_____/

Chapter 13
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-MAR
Hon. Mark A. Randon

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Brandon Heitmann, by and through his counsel, Kotz Sangster Wysocki, P.C., and for his Response to Plaintiff's Motion to Compel Discovery hereby states as follows:

### **I.**    **Relevant Background**

Plaintiff served his discovery requests on Defendant on November 15, 2024. On January 9, 2025, Defendant attempted to discuss Plaintiff's irrelevant, wildly broad, and unduly burdensome discovery requests with Plaintiff:

1

> From: Farraj, Yousef M.
> To: "Anthony Miller"
> Cc: Phillips, Tyler P.
> Subject: Protective Order
> Date: Thursday, January 9, 2025 9:16:00 AM
>
> Good Morning Anthony,
>
> Pursuant to FRCP 26(c), we are requesting concurrence, or a meeting to discuss, limiting the scope of documents and information requested by Plaintiff.
>
> By way of example, Plaintiff's Request for Production of Documents asks for:
>
> - All check ledgers and bank statements for Exigent from 1/1/22 to date;
> - All of Exigent's accounting and software files from 1/1/22 to date;
> - All administrator logins and passwords to accounting and software systems;
> - A detailed ledger of all accounts payable from 1/1/22 to date;
> - A schedule of all capital contributions between Heitmann and Exigent from 1/1/20 to date;
> - A schedule of all loan activity from 1/1/20 to date;
> - All documents relating to amounts paid to Heitmann and his wife, by Exigent, from 1/1/22 to date;
> - All transactions between Heitmann, his wife and Exigent from 1/1/20 to date;
> - All check ledgers and bank statements from Heitmann's personal bank accounts from 1/1/22 to date;
> - Exigent's tax returns from 2020-2023; and
> - Exigent's operating agreement and all resolutions.
>
> Although Plaintiff is entitled to certain accounting and information relating to the Project itself, Plaintiff is not entitled to a fishing expedition based on speculative theories of misappropriated money.
>
> I am currently working on Defendant's responses to Plaintiff's discovery which you will have by tomorrow.
>
> Thanks,

Plaintiff did not respond to Defendant's January 9, 2025 email until January 14, 2025.

Regardless, On January 10, 2025, Defendant timely provided his responses to Plaintiff's discovery requests along with a 242-page bates-stamped document production. It was not until **late March 2025**, (after Defendant pointed out Plaintiff's deficient responses, which contained only 3 pictures) did Plaintiff assert any specifics regarding Defendant's allegedly deficit discovery responses.

Plaintiff's request for sanctions against Defendant is inappropriate. Plaintiff sat on Defendant's discovery responses for 10 weeks. Plaintiff falsely claims he was

unaware Defendant was unlicensed. Plaintiff falsely claims Defendant left a "mud pit" on his property. Plaintiff is well aware these allegations are patently false.

II. **Defendant's objections are not "boilerplate". The objections are adequate and reasonable responses to remarkably overboard, vague, and unduly burdensome discovery requests.**

Plaintiff's Motion alleges Defendant's General Objections are boilerplate in nature and lack specificity in its application to Plaintiff's discovery requests. Defendant agrees it will strike all listed "General Objections" that precede Defendant's responses to Plaintiff's Interrogatories and Requests for Production of Documents. Defendant, however, will not strike any of its objections contained in his answers to each individual discovery request since these objections are made with specificity and tailored to each of Plaintiff's discovery requests.

Plaintiff is the party who separately enumerated various clearly irrelevant, vague, overly broad and unduly burdensome discovery requests, such as:

- All check ledgers and bank statements for Exigent from 1/1/22 to date;
- All of Exigent's accounting and software files from 1/1/22 to date;
- All administrator logins and passwords to accounting and software systems;
- A detailed ledger of all accounts payable from 1/1/22 to date;
- A schedule of all capital contributions between Heitmann and Exigent from 1/1/20 to date;
- A schedule of all loan activity from 1/1/20 to date;
- All documents relating to amounts paid to Heitmann and his wife, by Exigent, from 1/1/22 to date;
- All transactions between Heitmann, his wife and Exigent from 1/1/20 to date;

- All check ledgers and bank statements from Heitmann's personal bank accounts from 1/1/22 to date;
- Exigent's tax returns from 2020-2023; and,
- Exigent's operating agreement and all resolutions.

Accordingly, that basis for Defendant's objections and the similarity of many of his specific objections should not be a surprise to Plaintiff given Plaintiff's widely-cast net. Further, Defendant is an individual being asked to produce a far-reaching and remarkably broad and burdensome suite of financial documents from a company that no longer exists.

### III. <u>**The improper filing of Answers to Interrogatories**</u>.

Plaintiff's Motion states discovery materials, including answers to interrogatories, must not be filed with the Court pursuant to Local Rule 7026-1(b). Defendant acknowledges his discovery responses were inadvertently filed with the Court. This clerical mistake was discussed amongst the parties and Defendant agreed to strike the pleading from the docket filings.

### IV. <u>**Plaintiff alleges non-responsive Answers to Interrogatories.**</u>

Plaintiff alleges that Defendant's responses to Interrogatories #5, 7, and 9 were "non-responsive." Defendant's objections and answers were fair, accurate, and in response to the form and nature of the questions Plaintiff posed.

Plaintiff's Interrogatory #5 asked for the "full name and current address of *each person who may have knowledge* regarding the facts and circumstances surrounding the allegations and conditions alleged in Plaintiff's Complaint"

4

[emphasis added]. Defendant properly objected to the overbroad and speculative nature of this request and responded to the best of his current knowledge as required by Fed.R.Civ.P.33(b). The information produced in Defendant's Initial Disclosures and in response to Plaintiff's Interrogatory #5 accurately reflects the most current information of all known individuals that Defendant is currently aware of. Defendant is unsure how Plaintiff expects Defendant to produce information he does not have. Pursuant to Fed.R.Civ.P.26(g), Defendant has performed reasonable inquiry into Plaintiff's requests. Further, the form of the question itself is overbroad and unduly burdensome. Defendant cannot be compelled to identify individuals he does not know nor have contact information for.

Despite Defendant's valid objection and response, in the spirit of discovery, Defendant proposes to stipulate to supplement his response to Interrogatory #5 within 21 days if he learns of additional contact information including names and addresses.

Plaintiff's Interrogatory #7 asks Defendant to provide an accounting for the Project. Defendant's objection and response, including the spreadsheet of accounting regarding the project, was valid. Plaintiff's Interrogatory goes well beyond permissible requests by requiring Defendant to create a new document rather than disclosing existing knowledge or records in violation of Fed.R.Civ.P.33(a)(2) and Fed.R.Civ.P.26(b). *See*, e.g., *Thompson v. Lantz*, 2009 WL3157561, *1

(D.Conn.2009) ("[A] party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence."). Moreover, this request seeks records related to a corporate entity, Exigent, which is no longer operational and not a named party or defendant in Plaintiff's Adversary Complaint. Defendant Heitmann is an individual; Plaintiff's Interrogatory asks for information regarding a corporate debtor. As an individual, Defendant is not required to create a new document or an accounting for the corporate debtor who is not named as a party to this current lawsuit. Defendant is not personally in possession of, nor obligated to produce documents belonging to, a non-party corporate entity. To the extent Defendant was able, he provided documents in his possession or what may constitute as under his "control" to the extent he could access such documents. *Flagg v. City of Detroit*, 252 F.R.D. 346 (E.D. Mich. 2008).

Further, Plaintiff's entire claim is in the amount of $36,000.00. Plaintiff's request is severely disproportionate, overbroad, and unduly burdensome because he is asking for a complete financial picture over a three-year period for Defendant's former business that took in approximately $9,000,000.00 in gross revenue annually. Plaintiff's claim is small in comparison, and his requests are not proportional to the needs of this case. Plaintiff is not obligated to a complete accounting of Defendant's

6

24-04375-mar    Doc 72    Filed 05/01/25    Entered 05/01/25 14:57:37    Page 6 of 11

prior company's financial records, nor should Defendant be obligated to supplement his response.

Plaintiff's Interrogatory #9 asks Defendant to "state the name, address, telephone number of each witness you may call at trial, and state whether they are a lay or expert witness, and the subject matter of the witness' expected testimony." Defendant appropriately referred to his answer to Interrogatory #5 because Defendant does not currently have the knowledge or possession of the requested names or contact information that Plaintiff is seeking, beyond what has already been produced in Defendant's Initial Disclosures and Defendant's Responses to Plaintiff's discovery requests. Moreover, with regard to lay witnesses, Defendant has not met with nor spoken to any of these individuals. Defendant is unaware of the specifics or extent of the knowledge or information these lay witnesses may have. Thus, Defendant cannot answer beyond what he has already provided in response to Interrogatory #9 because he cannot speculate as to what these lay witnesses will testify to.

V. **Plaintiff alleges Defendant did not organize his document production to Plaintiff's satisfaction.**

In response to Plaintiff's Requests for Production, Defendant produced 242 pages of documents which included text message conversation screenshots. Plaintiff's motion alleges Defendant provided a "document dump" contrary to Fed.R.Civ.P.34(b)(2)(E)(i).

Fed.R.Civ.P.34(b)(2)(E)(ii) indicates "if a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable for or forms."

The text message screenshots were not required to be sorted or organized in any other format because they were not maintained in any other format. Therefore, the form of Defendant's response regarding the production of documents, particularly the text message screenshots, was sufficient. Production of text messages in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms is acceptable. *Laub v. Horbaczewski*, 2019 WL 3492402, at *26 (C.D. Cal. July 30, 2019).

Plaintiff's assertion that "Defendant failed to provide any responsive documents to the majority of Plaintiff's requests" or that 242 pages of documents consisting mainly of text message screenshots is a "haystack" to which Plaintiff is in search of a "needle" is without merit. It is not Defendant's obligation to review and subsequently sort documents in a manner that is sufficient to Plaintiff's liking and preference. Being able to separate and differentiate what was produced should be relatively easier for Plaintiff than it was for Defendant to retrieve and produce said documents.

## VI. **Plaintiff alleges Defendant's production was inadequate.**

With regard to Request for Production 2, Plaintiff seeks production of all business and financial records on the Project. Request for Production 9 seeks copies of purchase orders, work orders, change orders, and similar documents issued to Defendant or Exigent related to the Project.

Defendant justifiably answered by producing the contract, a change order, and the various permits associated with the Project. These were the documents pertaining to the Project that Defendant had within his possession. Defendant is an individual, not the business/corporate debtor. Plaintiff's request seeks documents that are held by the corporate debtor who is not a named party to this adversary proceeding. As an individual, Defendant is not obligated to produce documents beyond those in his possession or control. *Flagg v. City of Detroit*, 252 F.R.D. 346 (E.D. Mich. 2008). Further, if Plaintiff seeks further information regarding Exigent Landscaping, Plaintiff is legally permitted to subpoena the corporate debtor/Exigent. "The Court 'cannot compel a party to provide information that he or she does not possess any more than it can compel that party to produce documents that do not exist or are not in his possession, custody or control.' *Roden v. Floyd*, No. 2:16-CV-11208, 2019 WL 1098918, at *3 (E.D. Mich. Mar. 8, 2019)." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021).

VII. **Conclusion.**

Plaintiff's Motion to Compel is fraught with false allegations of non-compliance and dissatisfaction with Defendant's objections, and the manner in which documents were provided. Defendant has acted in good faith, complied with his discovery obligations, and produced relevant documents that were within his possession and answered Plaintiff's requests to the best of his knowledge. Defendant's objections were appropriate and properly pled. Defendant respectfully requests this Court deny Plaintiff's Motion to Compel and grant any further relief that this Court deems just and proper.

WHEREFORE, Defendant Brandon Heitmann requests that this Honorable Court DENY Plaintiff's Motion to Compel and grant any further relief this Court deems just and proper.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

Dated: May 1, 2025

/s/ *Tyler P. Phillips*
By: Tyler P. Phillips (P78280)
Attorneys for Brandon Heitmann
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300 / (313) 259-1451
tphillips@kotzsangster.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Case No. 24-41956-mar
Chapter 7
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2025, I electronically served the foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the Office of the United States Trustee and all those listed by the Court as receiving electronic notices in this case from the Court's CM/ECF system.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

Dated: May 1, 2025

/s/ *Tyler P. Phillips*
By: Tyler P. Phillips (P78280)
Attorneys for Brandon Heitmann
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300 / (313) 259-1451
tphillips@kotzsangster.com