UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

  Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## PLAINTIFF'S RESPONSE TO
## (1) DEFENDANT'S MOTION TO COMPEL DISCOVERY (ECF No. 56), (2) DEFENDANT'S MOTION TO ADJOURN DATES (ECF No. 57), AND (3) DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S IDENTIFIED EXPERTS (ECF No. 58)

Plaintiff, Mohamed Saad, by and through his attorneys, OSIPOV BIGELMAN, P.C., states as follows for his Response to Defendant's Motion to Compel Discovery:

On April 17, 2025, Plaintiff filed a Motion to Compel Discovery (ECF No. 40, the "Motion") highlighting deficiencies with the Defendant's discovery responses. In response, the Defendant filed (1) Motion to Compel Complete Discovery, Adjourn Scheduling Order Dates, and Strike Plaintiff's Identified Experts

ECF No. 41 [Stricken], (2) Motion to Compel Complete Discovery ECF No. 44, (3) Motion to Strike Plaintiff's Identified Experts, ECF No. 45, (4) Motion to Adjourn Dates ECF No. 46, (5) Ex Parte Motion to Expedite Hearing ECF No. 47 [Stricken], (6) Corrected Motion to Adjourn Dates ECF No. 49, (7) Corrected Motion to Compel Complete Discovery ECF No. 50, (8) Corrected Motion to Strike Plaintiff's Identified Experts ECF No. 51, (9) Corrected Motion to Compel Complete Discovery ECF No. 56, (10) Corrected Motion to Adjourn Dates ECF No. 57, and (11) Corrected Motion to Strike Plaintiff's Identified Experts ECF No. 58. This response relates to the most recent, surviving pleadings, (1) Defendant's Motion to Compel Discovery (ECF No. 56), (2) Defendant's Motion to Adjourn Dates (ECF No. 57), and (3) Defendant's Motion to Strike Plaintiff's Identified Experts (ECF No. 58).

### **Defendant's Motion to Compel Discovery (ECF No. 56)**

On March 27, 2025, Plaintiff delivered a copy of his proposed Motion to Compel Discovery to Defendant's counsel. On March 28, 2025, the parties "met and conferred" to discuss their outstanding discovery requests. Both parties agreed to provide additional documents. Notably, during such meeting, Defendant did not raise the other "issues" identified in Defendant's Motion to Compel Discovery. Nevertheless, Plaintiff provided additional documents (as promised), and has addressed the other matters raised in Defendant's Motion.

Defendant contends that Plaintiff failed to adequately respond to his requests for production of documents. As agreed in the parties' meeting, on April 24, 2025, Plaintiff produced additional documents to comply with Defendant's requests (see ECF Nos. 60 and 61).

Defendant contends that Plaintiff's "General Objections" are boilerplate and ineffective. Plaintiff agrees to strike the "General Objections" only.

Defendant objects to Plaintiff's response to Defendant's requests for production, where Plaintiff indicates that requested documents are already in Defendant's possession. Without admitting the validity of Defendant's objection, Plaintiff has served amended responses upon Defendant, removing the objectionable language and providing the relevant documents to Defendant (see ECF Nos. 60 and 61).

Defendant objects to Plaintiff's response to Defendant's requests for production, where Plaintiff indicates that he is unaware of any responsive documents. Without admitting the validity of Defendant's objection, Plaintiff has served amended responses upon Defendant, removing the objectionable language and stating, where appropriate, that Plaintiff is not in possession of responsive documents (see ECF Nos. 60 and 61).

Defendant contends that Plaintiff did not respond under oath to Defendant's Interrogatories. While Plaintiff's responses were signed, they did not contain

specific language indicating that the signature was made under oath. Without admitting the validity of Defendant's objection, Plaintiff has served amended responses upon Defendant, adding clarifying language that Plaintiff signed the responses under oath (see ECF No. 62).

The issues raised by Defendant in his Motion to Compel Discovery could have been easily addressed, had Defendant complied with Fed. R. Civ. P. 31(a)(1).

### Defendant's Motion to Adjourn Dates (ECF No. 57)

Defendant's Motion to Adjourn Dates (ECF No. 57) requests a 90-day adjournment of all dates in this case, which would necessitate an adjournment of the discovery deadline, the dispositive motion deadline, the pre-trial conference, and trial. Defendant's request goes too far. Nevertheless, Plaintiff is amenable to a brief extension of the deadline to complete discovery – solely to allow time for the completion of depositions (and any limited follow-up) at mutually agreeable times and to allow Defendant time to conduct a site visit. Such an extension should not permit the parties to serve new discovery requests and should not impact the other dates and deadlines set forth in the Court's scheduling order, including the dispositive motion deadline and the trial date.

### Defendant's Motion to Strike Plaintiff's Identified Experts (ECF No. 58)

Defendant's Motion to Strike Plaintiff's Identified Experts (ECF No. 58), Defendant seeks to strike Plaintiff's identification (in his response to Defendant's

Interrogatories) of Justin Booth and Mark St. Peter as expert witnesses. Plaintiff does not object to striking these individuals as experts, though they may be called as fact witnesses at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter an appropriate Order denying (1) Defendant's Motion to Compel Discovery (ECF No. 56), (2) Defendant's Motion to Adjourn Dates (ECF No. 57), and (3) Defendant's Motion to Strike Plaintiff's Identified Experts (ECF No. 58), and granting such other relief as the Court finds just and equitable, under the circumstances.

Dated: May 2, 2025

**OSIPOV BIGELMAN, P.C.**

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorney for Plaintiff
20700 Civic Center Drive Suite 420
Southfield, MI 48076
248.663.1800
jhb@osbig.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

    Debtor.
_____/

MOHAMED SAAD,

  Plaintiff,

v.

BRANDON HEITMANN,

  Defendant.

_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-MAR
Hon. Mark A. Randon

## **CERTIFICATE OF SERVICE**

On May 2, 2025, I hereby certify that I electronically served *PLAINTIFF'S RESPONSE TO (1) DEFENDANT'S MOTION TO COMPEL DISCOVERY (ECF No. 56), (2) DEFENDANT'S MOTION TO ADJOURN DATES (ECF No. 57), AND (3) DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S IDENTIFIED EXPERTS (ECF No. 58)* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following is the list of parties who are currently on the list to receive email notice/service for this case:

Robert N. Bassel on behalf of Defendant Brandon Heitmann
bbassel@gmail.com, robertbassel@hotmail.com;ecfbassel@gmail.com

Jeffrey H. Bigelman on behalf of Plaintiff Mohamed Saad
jhb_ecf@osbig.com, tc@osbig.com;mk@osbig.com

Anthony James Miller on behalf of Plaintiff Mohamed Saad
am@osbig.com

Yuliy Osipov on behalf of Plaintiff Mohamed Saad
yotc_ecf@yahoo.com, yo_ecf@osbig.com;tc_ecf@osbig.com

Tyler Phillips on behalf of Defendant Brandon Heitmann
tphillips@kotzsangster.com,
lpfund@kotzsangster.com;mdelorme@kotzsangster.com;aclark@kotzsangster.com

Dated: May 2, 2025

                                      **OSIPOV BIGELMAN, P.C.**

                                      /s/ Jeffrey H. Bigelman
                                      JEFFREY H. BIGELMAN (P61755)
                                      Attorney for Plaintiff
                                      20700 Civic Center Drive Suite 420
                                      Southfield, MI 48076
                                      248.663.1800
                                      jhb@osbig.com