UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

       Debtor.

_____/

MOHAMED SAAD,

      Plaintiff,

v.

BRANDON HEITMANN,

      Defendant.

_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## PLAINTIFF'S REPLY IN SUPPORT OF
## MOTION TO COMPEL DISCOVERY

Plaintiff, Mohamed Saad, by and through his attorneys, OSIPOV
BIGELMAN, P.C., states as follows for his Reply in Support of Motion to Compel
Discovery:

On November 15, 2024, Plaintiff served requests for admissions,
interrogatories, and requests for the production of documents upon Defendant
Brandon Heitmann ("Defendant") (see ECF No. 13).  On January 10, 2025,
Defendant filed responses to Plaintiff's discovery requests (see ECF No. 16).  On
March 27, 2025, after notifying Defendant's counsel of certain deficiencies in
Defendant's responses, Plaintiff's counsel emailed a draft Motion to Compel

Discovery, specifically identifying the issues. On March 28, 2025, the parties held a "meet and confer" to discuss the matter. On April 17, 2025, Plaintiff filed a Motion to Compel Discovery (ECF No. 40, the "Motion") highlighting deficiencies with the Defendant's discovery responses. Defendant provided some supplemental discovery on April 30, 2025 and filed a response to the Motion on May 1, 2025 (ECF No. 72, the "Response"). While Defendant's Response and supplemental discovery may address some of the deficiencies identified in the Motion,[1] certain issues remain.

## Defendant's Improper Relevance, Specificity, and Undue Burden Objections

In his Response, Defendant contends that certain of Plaintiff's requests are "clearly irrelevant, vague, overly broad and unduly burdensome." However, the requests identified specifically deal with Exigent's financial condition, activities, and dealings with the Defendant and his wife, during the period when Exigent and Defendant were in possession of and misappropriating Plaintiff's money.

Pursuant to the Michigan Building Contract Fund Act, MCL § 570.151, *et. seq.* ("MBCFA"), "[t]he appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due or so to become due laborers, subcontractors, materialmen or others entitled to payment, shall be evidence of intent to defraud." MCL 570.153. Defendant was

---

[1] In his response, Defendant agrees to strike his "General Objections" (see Response, page 3) and improperly filed responses to Interrogatories (see Response, page 4).

Exigent's sole member and its chief executive officer. He oversaw its finances and was the sole person with check-signing authority. All of Exigent's money had to go through Defendant. Accordingly, Defendant is personally liable for Exigent's violations of the MBCFA.[2]

Plaintiff paid $350,000.00 to Defendant. Plaintiff's production requests seek documentation identifying, tracing, and accounting for Plaintiff's funds that were entrusted to Exigent (and Defendant). Under the MBCFA, Defendant was a trustee and fiduciary for Plaintiff's funds. Plaintiff is entitled to an accounting to see where his money went. Defendant cannot object that Plaintiff's requests for documentation of the use of his funds, which were to be held in trust, is "irrelevant."

## **Defendant's Failure to Provide Documents Related to Exigent**

As set forth in the Motion, Defendant failed to produce documents in response to several of Plaintiff's requests.[3] In his Response, Defendant attempts to justify this failure by objecting to Plaintiff's requests for "records related to a corporate entity,

---

[2] Officers, members, owners, and even employees of a business in the construction industry may be held individually liable for misappropriating funds received by the business for any other purpose other than first paying subcontractors, suppliers and laborers. MCL 570.151 et seq.; *BC Tile & Marble Co. v. Multi Bldg. Co.*, 288 Mich. App. 576, 586-587 (2010). Individual liability does not require a plaintiff to pierce the corporate veil because the MBCFA directly provides for liability of corporate officers. *Trustees of the Mich. Regional Council of Carpenters Employee Benefits Fund v. Accura Concrete Walls, Inc.*, 408 F. Supp. 2d 370 (E.D. Mich. 2005). *See also, People v. Brown*, 239 Mich. App. 735, 739-740; 610 N.W.2d 234 (2000); *In re: Kenn R. Kriegish*, 275 B.R. 838, 840 (ED Mich 2002), aff'd 97 Fed Appx 4, 2004 (6th Cir 2004).

[3] On April 30, 2025, Defendant provided some additional documents that may be responsive to some of Plaintiff's production requests. Given how recently such documents were produced, Plaintiff is still in the process of reviewing, and accordingly reserves all rights.

Exigent, which is no longer operational and not a named party of defendant." There are several problems with Defendant's objection. First, as set forth above, Defendant was the sole member, CEO, and person responsible for Exigent's financial and business operations. Defendant has maintained this role throughout Exigent's bankruptcy case (initially filed as Chapter 11, subsequently converted to Chapter 7). When the parties met to confer regarding their discovery disputes, Defendant's counsel, understanding Defendant's role with Exigent and the nature of Plaintiff's claims, assured Plaintiff that Defendant would not withhold documents due to their corporate origin. It is disingenuous, at best, for Defendant to now disclaim knowledge of Exigent's activities and pretend a lack of access to its records.

Defendant's failure to produce documents accounting for the $350,000.00 entrusted to him by Plaintiff is particularly problematic. If Defendant cannot or will not produce documents accounting for his and Exigent's use of the funds entrusted to him, he should be precluded from subsequently attempting to present evidence concerning his use of Plaintiff's funds. Moreover, under the MBCFA, Defendant, as a contractor, has a *personal* fiduciary responsibility to shepherd the property entrusted to him and his company. His failure to account for the disposition of the trust funds *establishes* defalcation.[4] Such defalcation is, itself, evidence of intent to

---

[4] "Michigan courts have repeatedly stated in various contexts that a trustee must account to the beneficiaries for the disposition of trust funds. . . .Failure to properly so account is, by definition,

defraud.  M.C.L. § 570.153.  If Defendant cannot or will not account for Exigent's use of Plaintiff's funds, he has no defense against Plaintiff's claims.

WHEREFORE, Plaintiff respectfully requests that this Court enter an appropriate Order compelling discovery and granting such other relief as the Court finds just and equitable, under the circumstances.

Dated: May 2, 2025

**OSIPOV BIGELMAN, P.C.**

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorney for Plaintiff
20700 Civic Center Drive Suite 420
Southfield, MI 48076
248.663.1800
jhb@osbig.com

---

a defalcation." *Miller v. Safford (In re Safford)*, Nos. 19-30059, 19-3023, 2021 Bankr. LEXIS 3227, at *8 (Bankr. E.D. Mich. Nov. 23, 2021) (internal quotations and citations omitted).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRANDON HEITMANN,

      Debtor.
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.

_____/

Chapter 7
Case No. 24-41956-MAR
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-MAR
Hon. Mark A. Randon

## <u>CERTIFICATE OF SERVICE</u>

On May 2, 2025, I hereby certify that I electronically served *PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following is the list of parties who are currently on the list to receive email notice/service for this case:

Robert N. Bassel on behalf of Defendant Brandon Heitmann
bbassel@gmail.com, robertbassel@hotmail.com;ecfbassel@gmail.com

Jeffrey H. Bigelman on behalf of Plaintiff Mohamed Saad
jhb_ecf@osbig.com, tc@osbig.com;mk@osbig.com

Anthony James Miller on behalf of Plaintiff Mohamed Saad
am@osbig.com

Yuliy Osipov on behalf of Plaintiff Mohamed Saad
yotc_ecf@yahoo.com, yo_ecf@osbig.com;tc_ecf@osbig.com

Tyler Phillips on behalf of Defendant Brandon Heitmann
tphillips@kotzsangster.com,
lpfund@kotzsangster.com;mdelorme@kotzsangster.com;aclark@kotzsangster.com

Dated: May 2, 2025

**OSIPOV BIGELMAN, P.C.**

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorney for Plaintiff
20700 Civic Center Drive Suite 420
Southfield, MI 48076
248.663.1800
jhb@osbig.com