UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

BRANDON HEITMANN                        Chapter 7
                                        Case No. 24−41956−mar
                                        Hon. Mark Randon

           Debtor(s)
_____/

MOHAMED SAAD,

    Plaintiff,

V

BRANDON HEITMANN                        Adv. Pro. No. 24-04375-mar

    Defendant.
_____/

**STIPULATION TO ENTRY OF ORDER RESOLVING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DEFENDANT'S CORRECTED MOTION TO COMPEL COMPLETE DISCOVERY**

    Plaintiff, Mohamed Saad, and Defendant, Brandon Heitmann, by and through their respective counsel, hereby stipulate to the entry of an Order, as set forth in the proposed order attached hereto as **Exhibit A**.

    **AGREED:**

| OSIPOV BIGELMAN, P.C. | KOTZ SANGSTER WYSOCKI P.C. |
|---|---|
| /s/ Anthony J. Miller | /s/ Tyler P. Phillips |
| ANTHONY J. MILLER (P71505) | TYLER P. PHILLIPS (P78280) |
| JEFFREY H. BIGELMAN (P61755) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 400 Renaissance Center, Suite 3400 |
| 20700 Civic Center Drive, Suite 420 | Detroit, MI 48243 |
| Southfield, MI 48076 | (313) 259-8300 / (313) 259-1451 |
| (248) 663-1804 | tphillips@kotzsangster.com |
| am@osbig.com | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

BRANDON HEITMANN     Chapter 7
         Case No. 24−41956−mar
         Hon. Mark Randon

             Debtor(s)
_____/

MOHAMED SAAD,

    Plaintiff,

V

BRANDON HEITMANN     Adv. Pro. No. 24-04375-mar

    Defendant.
_____/

### ORDER RESOLVING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DEFENDANT'S CORRECTED MOTION TO COMPEL COMPLETE DISCOVERY

THIS MATTER having come before the Court upon stipulation, among counsel for the Plaintiff Mohamed Saad, and counsel for Defendant, Brandon Heitmann ("Stipulation"; ECF No.  ) for entry of an order Resolving Plaintiff's Motion to Compel Discovery (ECF No. 40) and Defendant's Corrected Motion to Compel Complete Discovery (ECF No. 56). The Court has reviewed the Stipulation

and other pertinent pleadings. Based upon the Stipulation, the Court finds cause to enter this Order.

**NOW, THEREFORE IT IS HEREBY ORDERED**

1. On or before June 23, 2025, to the extent such documentation exists and is within the care, custody, or control of the Defendant, or is reasonably obtainable by the Defendant, Defendant shall produce (1) Exigent Landscaping, LLC's complete, unredacted bank statements and check registers for all accounts, from June 1, 2022 through December 31, 2023, (2) all documentation concerning the receipt and disposition of funds paid to Exigent Landscaping, LLC by Plaintiff, and (3) all documentation of Exigent Landscaping, LLC's expenditures related to Plaintiff's project, including (but not limited to) all subcontracts, estimates, purchase orders, receipts, invoices, project diaries, and other project documents.

2. If any document described above does not exist, is not within the care, custody, or control of the Defendant, and is not reasonably obtainable by the Defendant, then, on or before June 23, 2025, Defendant shall provide an affidavit setting forth (1) the reasons for such documentation's non-existence and/or non-availability, (2) the identity (including contact information, if known), of the persons or entities who are or may be in possession or control of such documentation, or who would have more information concerning the whereabouts of such documentation,

and (3) a description of the efforts undertaken by the Defendant to obtain such documentation.

3. On or before June 23, 2025, to the extent such documentation exists and is within the care, custody, or control of the Plaintiff, or is reasonably obtainable by the Plaintiff, Plaintiff shall produce: (1) any and all documents, communications, or reports with the bank that financed the project, including but not limited to, sworn statements, draw requests, and inspections performed by the bank; (2) any communications with any third party regarding the project, including communications with other homeowners and with Osama Abdullah.

4. If any document described above does not exist, is not within the care, custody, or control of the Plaintiff, and is not reasonably obtainable by the Plaintiff, then, on or before June 23, 2025, Plaintiff shall provide an affidavit setting forth (1) the reasons for such documentation's non-existence and/or non-availability, (2) the identity (including contact information, if known), of the persons or entities who are or may be in possession or control of such documentation, or who would have more information concerning the whereabouts of such documentation, and (3) a detailed description of the efforts undertaken by the Plaintiff to obtain such documentation.