UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

BRANDON HEITMANN,

    Debtor(s).
_____/

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Chapter 7
Case No. 24-41956-mar
Hon. Mark A. Randon

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2025, I electronically served the foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the Office of the United States Trustee and all those listed by the Court as receiving electronic notices in this case from the Court's CM/ECF system.

I also hereby certify that I served a copy of the Notices of Deposition, with Adversary Subpoenas as appropriate, upon the following via first class U.S. Mail:

| | |
|---|---|
| Justin Booth, Representative of Coastal Pools | 25005 Trans X Rd.<br>Novi, MI 48375 |
| Mohamed Saad c/o OSIPOV BIGELMAN<br>P.C., Jeffrey H. Higelman, Esq. | 20700 Civic Center Dr., Ste. 420<br>Southfield, MI 48076 |

| | |
|---|---|
| Osama J. Abdullah, Unique Remodeling LLC | 460 N. Denwood<br>Dearborn, MI 48128 |
| Rana Fawaz c/o OSIPOV BIGELMAN P.C.,<br>Jeffrey H. Higelman, Esq. | 20700 Civic Center Dr., Ste. 420<br>Southfield, MI 48076 |

                                                Respectfully Submitted,

                                                APEX LAW

Dated: June 25, 2025                    By: /s/ Tyler P. Phillips
                                                      Tyler P. Phillips (P78280)

                                                Attorney for Defendant Brandon Heitmann
                                                32900 Five Mile Road
                                                Livonia, Michigan 48154
                                                (734) 888-8399
                                                tphillips@apexgrouplaw.com

# UNITED STATES BANKRUPTCY COURT
## Eastern District Michigan

In re **BRANDON HEITMANN**,
    Debtor

**MOHAMED SAAD**
    Plaintiff,
    v.
**BRANDON HEITMANN**
    Defendant

**SUBPOENA IN AN ADVERSARY PROCEEDING**

Case No. * 24-41956-MAR

Chapter 7

To: **Justin Booth, Representative of Coastal Pools**
**25005 Trans X Road**
**Novi, Michigan 48375**

Adv. Proc. No. * 24-04375-MAR

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| APEX LAW<br>32900 Five Mile Road<br>Livonia, Michigan 48154 | July 9, 2025 at 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents and communications relating to the Pool of Mohamed Saad located at 921 Crescent Drive, Dearborn, MI 48126. Including documents and messages between you and Mohamed Saad; Osama J. Abdullah; Dolphin Waterslides; Messina Concrete; or any other party as it relates to work performed by you including any and all reports, quotes, and/or invoices for work performed by you and/or coastal pools.

| PLACE | DATE AND TIME |
|---|---|
| Same as above | July 9, 2025 at 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Debtor/Defendant | June 25, 2025 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Tyler P. Phillips (P78280), Apex Law 32900 Five Mile Road, Livonia, Michigan 48154 (734) 888-8399

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME)<br>Justin Booth, Representative of Coastal Pools<br>25005 Trans X Road<br>Novi, Michigan 48375 | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
               DATE                          SIGNATURE OF SERVER

                                             _____
                                             ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE MATTER OF:

BRANDON HEITMANN,

    Debtor(s).

_____/

Chapter 7
Case No. 24-41956-mar
Hon. Mark A. Randon

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.

_____/

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## NOTICE OF TAKING DEPOSITION OF JUSTIN BOOTH OF COASTAL POOLS, DECUS TECUM

**To: JUSTIN BOOTH OF COASTAL POOLS**
    **25005 Trans X Rd**
    **Novi, MI 48375**

PLEASE TAKE NOTICE that pursuant to the Subpoena to Testify at a Deposition in a Bankruptcy Case (Or Adversary Proceeding), Counsel for Defendant, Brandon Heitmann, will take the deposition of **Justin Booth of Coastal Pools**, on **July 9, 2025 at 10:00 a.m.** at the offices of **Apex Law - 32900 Five Mile Road, Livonia, Michigan 48154.**

The deposition will be transcribed by a court reporter.

                                        Respectfully Submitted,

                                        APEX LAW

Dated: June 25, 2025                    By: /s/ Tyler P. Phillips_____
                                                Tyler P. Phillips (P78280)

                                        Attorney for Defendant Brandon Heitmann
                                        32900 Five Mile Road
                                        Livonia, Michigan 48154
                                        (734) 888-8399
                                        tphillips@apexgrouplaw.com

# UNITED STATES BANKRUPTCY COURT
## Eastern District Michigan

In re **BRANDON HEITMANN**, Debtor

**MOHAMED SAAD**, Plaintiff

v.

**BRANDON HEITMANN**, Defendant

**SUBPOENA IN AN ADVERSARY PROCEEDING**

Case No. * <u>24-41956-MAR</u>

Chapter <u>7</u>

To: **Osama J. Abdullah**

Adv. Proc. No. * <u>24-04375-MAR</u>

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| APEX LAW<br>32900 Five Mile Road<br>Livonia, Michigan 48154 | July 9, 2025 at 10:00 am |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents and communications relating to the Pool of Mohamed Saad located at 921 Crescent Drive, Dearborn, MI 48126. Including documents and messages between you and any employee of Exigent Landscaping; Mohamed Saad; Justin Booth; Dolphin Waterslides; Messina Concrete; or any other party as it relates to work performed by Exigent or any damages alleged by Mohamed Saad, if known.

| PLACE | DATE AND TIME |
|---|---|
| Same as above | July 9, 2025 at 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Debtor/Defendant | June 25, 2025 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Tyler P. Phillips (P78280), Apex Law 32900 Five Mile Road, Livonia, Michigan 48154 (734) 888-8399

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Osama J. Abdullah | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE MATTER OF:

                                                          Chapter 7
                                                          Case No. 24-41956-mar

BRANDON HEITMANN,                        Hon. Mark A. Randon

    Debtor(s).

_____/

MOHAMED SAAD,

    Plaintiff,                                               Adv. Pro. No. 24-04375-mar
                                                                 Hon. Mark A. Randon

v.

BRANDON HEITMANN,

    Defendant.

_____/

### NOTICE OF TAKING DEPOSITION OF OSAMA J. ABDULLAH, DECUS TECUM

**To: Osama J. Abdullah**
     **Unique Remodeling LLC**
     **460 N. Denwood**
     **Dearborn, MI 48128**

     PLEASE TAKE NOTICE that pursuant to the Subpoena to Testify at a Deposition in a Bankruptcy Case (Or Adversary Proceeding), Counsel for Defendant, Brandon Heitmann, will take the deposition of **Osama J. Abdullah**, on **July 3, 2025 at 2:00 p.m.** at the offices of **Apex Law - 32900 Five Mile Road, Livonia, Michigan 48154.**

Deponent is to have personal knowledge to testify to all claims alleged in the Complaint and all amendments made in his pleadings in this matter.

The witness and counsel for the parties will participate in the deposition by videoconference. The deposition will be video recorded and transcribed by the court reporter who will participate in the deposition by remote video from another location.

Respectfully Submitted,

APEX LAW

Dated: June 25, 2025

By: /s/ Tyler P. Phillips
     Tyler P. Phillips (P78280)

Attorney for Defendant Brandon Heitmann
32900 Five Mile Road
Livonia, Michigan 48154
(734) 888-8399
tphillips@apexgrouplaw.com

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

# UNITED STATES BANKRUPTCY COURT
## Eastern District Michigan

In re **BRANDON HEITMANN**,
Debtor

**MOHAMED SAAD**,
Plaintiff
v.
**BRANDON HEITMANN**,
Defendant

**SUBPOENA IN AN ADVERSARY PROCEEDING**

Case No. * <u>24-41956-MAR</u>

Chapter <u>7</u>

Adv. Proc. No. * <u>24-04375-MAR</u>

To: **Rana Fawaz**

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| APEX LAW<br>32900 Five Mile Road<br>Livonia, Michigan 48154 | July 3, 2025 at 10:00 am |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents and communications relating to the Pool of Mohamed Saad located at 921 Crescent Drive, Dearborn, MI 48126. Including documents and messages between you and any employee of Exigent Landscaping; Osama J. Abdullah, Justin Booth; Dolphin Waterslides; Messina Concrete; or any other party as it relates to work performed by Exigent or any damages alleged by Mohamed Saad, if known

| PLACE | DATE AND TIME |
|---|---|
| Same as above | July 3, 2025 at 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Debtor/Defendant | June 25, 2025 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Tyler P. Phillips (P78280), Apex Law 32900 Five Mile Road, Livonia, Michigan 48154 (734) 888-8399

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME)<br>Rana Fawaz | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE                                         SIGNATURE OF SERVER

                                                                 ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure.

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

                                                        Chapter 7
                                                        Case No. 24-41956-mar
BRANDON HEITMANN,                       Hon. Mark A. Randon

     Debtor(s).

_____/

MOHAMED SAAD,

     Plaintiff,                                          Adv. Pro. No. 24-04375-mar
                                                        Hon. Mark A. Randon
v.

BRANDON HEITMANN,

     Defendant.
_____/

## NOTICE OF TAKING DEPOSITION OF RANA FAWAZ, DECUS TECUM

**To: Rana Fawaz**
    **c/o OSIPOV BIGELMAN P.C.**
    **Jeffrey H. Bigelman, Esq.**
    **20700 Civic Center Drive, Suite 420**
    **Southfield, MI 48076**

    PLEASE TAKE NOTICE that pursuant to the Subpoena to Testify at a Deposition in a Bankruptcy Case (Or Adversary Proceeding), Counsel for Defendant, Brandon Heitmann, will take the deposition of **Rana Fawaz**, on **July 3, 2025 at 10:00 a.m.** at the offices of **Apex Law - 32900 Five Mile Road, Livonia, Michigan 48154.**

The deposition will transcribed by the court reporter.

                                                       Respectfully Submitted,

                                                       APEX LAW

Dated: June 25, 2025                         By: /s/ Tyler P. Phillips
                                                              Tyler P. Phillips (P78280)

                                                     Attorney for Defendant Brandon Heitmann
                                                     32900 Five Mile Road
                                                   Livonia, Michigan 48154
                                                 (734) 888-8399
                                                 tphillips@apexgrouplaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

                                            Chapter 7
                                            Case No. 24-41956-mar

BRANDON HEITMANN,                  Hon. Mark A. Randon

    Debtor(s).

_____/

MOHAMED SAAD,

    Plaintiff,                                       Adv. Pro. No. 24-04375-mar
                                            Hon. Mark A. Randon

v.

BRANDON HEITMANN,

    Defendant.

_____/

**NOTICE OF TAKING DEPOSITION OF MOHAMED SAAD, DECUS TECUM**

**To: Mohamed Saad**
    **c/o OSIPOV BIGELMAN P.C.**
    **Jeffrey H. Bigelman, Esq.**
    **20700 Civic Center Drive, Suite 420**
    **Southfield, MI 48076**

    PLEASE TAKE NOTICE that pursuant to the Subpoena to Testify at a Deposition in a Bankruptcy Case (Or Adversary Proceeding), Counsel for Defendant, Brandon Heitmann, will take the deposition of **Mohamed Saad**, on **July 2, 2025 at 10:00 a.m.** at the offices of **Apex Law - 32900 Five Mile Road, Livonia, Michigan 48154.**

Deponent is to have personal knowledge to testify to all claims alleged in the Complaint and all amendments made in his pleadings in this matter.

The witness and counsel for the parties will participate in the deposition by videoconference. The deposition will be video recorded and transcribed by the court reporter who will participate in the deposition by remote video from another location.

Respectfully Submitted,

APEX LAW

Dated: June 25, 2025

By: /s/ Tyler P. Phillips
    Tyler P. Phillips (P78280)

Attorney for Defendant Brandon Heitmann
32900 Five Mile Road
Livonia, Michigan 48154
(734) 888-8399
tphillips@apexgrouplaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

BRANDON HEITMANN,

    Debtor(s).
_____/

Chapter 7
Case No. 24-41956-mar
Hon. Mark A. Randon

MOHAMED SAAD,

    Plaintiff,

v.

BRANDON HEITMANN,

    Defendant.
_____/

Adv. Pro. No. 24-04375-mar
Hon. Mark A. Randon

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Defendant, Brandon Heitmann, by and through his attorneys, Apex Law., intends to serve subpoenas in the form attached on: Justin Booth; Mohamed Saad; Osama J. Abdullah; and Rana Fawaz on June 24, 2025, or as soon thereafter as service may be effectuated.

Respectfully Submitted,

APEX LAW

Dated: June 25, 2025

By: /s/ Tyler P. Phillips
    Tyler P. Phillips (P78280)
Attorney for Defendant Brandon Heitmann
32900 Five Mile Road
Livonia, Michigan 48154
(734) 888-8399
tphillips@apexgrouplaw.com